UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13167-GAO

CONSUMER FINANCIAL PROTECTION BUREAU,
Plaintiff,

v.

CASHCALL, INC., WS FUNDING, LLC,
DELBERT SERVICES CORPORATION, and J. PAUL REDDAM,
Defendants.

OPINION AND ORDER
September 23, 2015

O'TOOLE, D.J.

The plaintiff, the Consumer Financial Protection Bureau, alleges that the entity defendants, CashCall Inc., WS Funding, LLC, Delbert Services Corp., and the individual defendant, J. Paul Reddam, violated the Consumer Financial Protection Act of 2010. The defendants have moved to transfer the case to the Central District of California or, alternatively, to dismiss the claims against Reddam for lack of personal jurisdiction.

I find that the interests of justice support the transfer of this case to the Central District of California. See 28 U.S.C. § 1404(a).

The Central District of California is a substantially more convenient forum for this case than this district. It is plainly an appropriate venue for this action. See 28 U.S.C. § 1391(b) (authorizing venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). The allegedly illegal activity at the heart of this case was apparently managed from within the Central District of California, where the individual defendant resides and the entity defendants perform most of their business. Reddam and

the majority of the employees of the entity defendants, likely the most important witnesses for the issues of this case, live and work in California. For example, CashCall's senior management lives and works in the Central District of California, and the majority of CashCall's corporate records and documents are located in that district.

In contrast, there is no strong (if any) reason why Massachusetts would be a more appropriate forum. Massachusetts is one of sixteen States whose laws and public interests are implicated by the plaintiff's complaint, and its interests seem relatively minor in comparison to other involved States.

Moreover, transferring this case to California avoids a potentially serious waste of judicial resources by putting aside the contested question whether Reddam is subject to personal jurisdiction in this forum. See Leroy v. Great W. United Corp., 443 U.S. 173, 180-81 (1979) (avoiding a jurisdictional question in favor of a venue decision). Transferring this case to the Central District of California effectively moots the personal jurisdiction objection.

Accordingly, the defendants' Renewed Motion to Transfer Venue to the Central District of California or, Alternatively, to Dismiss All Claims Against J. Paul Reddam for Lack of Personal Jurisdiction (dkt. no. 31) is GRANTED to the extent that the action is TRANSFERRED to the Central District of California pursuant to § 1404(a).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge