**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 15-7522-JFW (RAOx)** Date: December 30, 2015

Title: Consumer Financial Protection Bureau *-v-* CashCall, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [filed 11/18/2015; Docket No. 104]**

On November 18, 2015, Defendants CashCall, Inc., WS Funding, LLC, Delbert Services Corporation, and J. Paul Reddam (collectively, "Defendants") filed a Motion for Judgment on the Pleadings. On December 9, 2015, Plaintiff Consumer Financial Protection Bureau (the "Bureau") filed its Opposition. On December 21, 2015, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 11, 2016 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Bureau alleges that Defendants have engaged in unfair, deceptive, and abusive acts and practices in violation of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5536(a)(1)(B), by demanding and collecting full payment on loans that state-licensing and usury laws had rendered wholly or partially void or uncollectible.

Defendants move for judgment on the pleadings, arguing that the Bureau has failed to state a claim upon which relief can be granted because (1) the Bureau has exceeded the authority granted it under the CFPA by predicating its claims solely upon violations of state law; and (2) the Bureau seeks to establish a usury limit, which is expressly prohibited by the CFPA.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "Judgment on the

pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Knappenberger v. City of Phoenix*, 566 F.3d 926, 939 (9th Cir. 2009) (quotations and citations omitted). As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor. *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

## III. DISCUSSION

Defendants' primary argument for dismissal is based on a mischaracterization of the First Amended Complaint, i.e. that the Bureau alleges that a state-law violation constitutes a *per se* violation of the CFPA's prohibition on unfair, deceptive, and abusive acts or practices ("UDAAP"). Rather than alleging that a state-law violation constitutes a *per se* UDAAP violation, the Bureau alleges that Defendants' conduct (taking and demanding payment from consumers for amounts that they do not actually owe) satisfies the required elements for each UDAAP violation (unfairness, deception, and abusiveness). In other words, as the Bureau states in its Opposition, "the Complaint does not allege that Defendants violated the CFPA *because* they violated state law, but because their conduct in taking and demanding payment from consumers for purported loan debts that they did not owe satisfies the requisite elements of the UDAAP prohibitions under the CFPA." Opposition at 8-9.

Although Defendants' alleged violations of state law are necessary to the Bureau's claims, that does not necessarily mean that the Bureau is "federalizing" state law. As the Sixth Circuit stated, in analyzing the Fair Debt Collection Practices Act:

> We agree that Congress did not turn every violation of state law into a violation of the FDCPA. But that does not mean that a violation of state law can never *also* be a violation of the FDCPA. The proper question in the context of an FDCPA claim is whether the plaintiff alleged an action that falls within the broad range of conduct prohibited by the Act.

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014). Likewise, the Court concludes that the proper question in the context of a CFPA claim is whether the plaintiff has alleged an action that falls within the broad range of conduct prohibited by the CFPA. However, Defendants fail to argue or attempt to meaningfully demonstrate that the alleged conduct does not fall within the broad range of conduct prohibited by the CFPA.

The Court also concludes that the Bureau is not seeking to establish a usury limit. Instead, the Bureau is seeking to enforce a prohibition on collecting amounts that consumers do not owe.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **DENIED**.

IT IS SO ORDERED.



Initials of Deputy Clerk sr