1  THOMAS J. NOLAN (State Bar No. 66992)
   CAROLINE VAN NESS (State Bar No. 281675)
2  JULIA M. NAHIGIAN (State Bar No. 307508)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
3  300 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-3144
4  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
5  Thomas.Nolan@skadden.com
   Caroline.VanNess@skadden.com
6  Julia.Nahigian@skadden.com

7  JOSEPH L. BARLOON (Admitted *Pro Hac Vice*)
   AUSTIN K. BROWN (Admitted *Pro Hac Vice*)
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   1440 New York Avenue, N.W.
9  Washington, DC 20005
   Telephone:  (202) 371-7000
10 Facsimile:   (202) 393-5760
   Joseph.Barloon@skadden.com
11 Austin.Brown@skadden.com

12 Attorneys for Defendants

13                UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15  CONSUMER FINANCIAL PROTECTION BUREAU, | CASE NO.:  2:15-cv-07522-JFW (RAOx) |
| 16 | **DISCOVERY MATTER** |
|                        Plaintiff, | (1) DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES AND FOR ORDER OVERRULING UNSUBSTANTIATED PRIVILEGE OBJECTIONS; |
| 17 | |
| 18     v. | |
| 19  CASHCALL, INC., WS FUNDING, LLC, DELBERT SERVICES CORPORATION, and J. PAUL REDDAM, | (2) JOINT STIPULATION ADDRESSING DEFENDANTS' MOTION TO COMPEL; and |
| 20 | |
| 21 | (3) DECLARATION OF JOSEPH L. BARLOON IN SUPPORT THEREOF (separate cover). |
|        Defendants. | |
| 22 | |
| 23 | Magistrate Judge:  Rozella A. Oliver |
| 24 | Ctrm.:  F, 9th Floor, Room 901 |
|  | Hearing Date and Time:  July 6, 2016 |
| 25 |                         10:00 a.m. |
| 26 | Discovery Cutoff:  July 25, 2016 |
| 27 | Pre-Trial Conf.:  September 9, 2016 |
|  | Trial:  September 27, 2016 |
| 28 | Scheduling order attached. |

NOTICE OF MOTION AND MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES AND FOR ORDER
OVERRULING UNSUBSTANTIATED PRIVILEGE OBJECTIONS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 6, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom F, 9th Floor, Room 901 of the above-referenced Court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants CashCall, Inc. ("CashCall") and WS Funding, LLC ("WS Funding") (collectively, "Defendants"), will, and hereby do, move the Court to compel further responses by the Consumer Financial Protection Bureau ("CFPB" or "Plaintiff") to CashCall's First Set of Interrogatories and WS Funding's First Set of Interrogatories (the "Interrogatories"), and to overrule the CFPB's unsubstantiated privileges and order production of information and documents responsive to the Interrogatories and CashCall's First Request for Production of Documents pursuant to Federal Rules of Civil Procedure ("Rule") 33, 34, and 37, as detailed herein.

This motion is based on this Notice of Motion and Motion to Compel Further Interrogatory Responses and Production of Documents ("Motion to Compel"), the attached Joint Stipulation Addressing Defendants' Motion to Compel, the Declaration of Joseph L. Barloon in Support of Joint Stipulation Addressing Defendant's Motion to Compel, all pleadings and papers filed in this action, and upon such and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this motion.

DATED:  June 14 , 2016

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By:  _____*/s/ Thomas J. Nolan*_____
                    Thomas J. Nolan
        *Attorneys for Defendants CashCall, Inc., WS Funding,*
        *LLC, Delbert Services Corporation, and J. Paul Reddam*

# **TABLE OF CONTENTS**

I.     Defendants' Introductory Statement .............................................1

II.    Plaintiff's Introductory Statement.................................................2

III.   Defendants' Motion to Compel Complete Responses To Interrogatories, Which Responses Refer Generally "To Documents Produced"...............5

CashCall Interrogatory No. 7 ......................................5

Plaintiff's Responses and Objections .........................5

CashCall Interrogatory No. 8 ......................................6

Plaintiff's Responses and Objections .........................6

CashCall Interrogatory No. 9 ......................................6

Plaintiff's Responses and Objections .........................6

CashCall Interrogatory No. 10 ....................................6

Plaintiff's Responses and Objections .........................7

CashCall Interrogatory No. 11 ....................................8

Plaintiff's Responses and Objections .........................8

WS Funding Interrogatory No. 13 ..............................9

Plaintiff's Responses and Objections .........................9

A.     Defendants' Argument..............................................10

1.     An Interrogatory Response Must Not Refer Generally To Documents.................................10

2.     The CFPB's Attempt To Invoke Rule 33(d) Is Improper .......................................................11

3.     The Interrogatories Seek Discoverable Information ......12

4.     Plaintiff's Document Production Is Deficient...............13

5.     Defendants' Attempts To Resolve The Discovery Dispute .......................................................14

B.     Plaintiff's Argument ................................................15

1.     The Interrogatories Are Unduly Burdensome And Overbroad .................................................15

2.     The Interrogatories Impermissibly Seek Privileged Work Product..............................................17

i

3.   The CFPB Properly Referenced Documents Under
     Fed. R. Civ. P. 33(d) .......................................................18

4.   CashCall's Reference To An Unripe Discovery
     Dispute Is Improper .........................................................20

5.   The Parties' Attempts To Resolve This Issue ...............20

IV.   Defendants' Motion For Order Overruling Unsubstantiated Privilege
      Assertions .........................................................................................20

      CashCall Document Request No. 11 ........................................20

      Plaintiff's Responses and Objections .....................................21

      CashCall Document Request No. 12 ........................................21

      Plaintiff's Responses and Objections .....................................22

      CashCall Document Request No. 13 ........................................22

      Plaintiff's Responses and Objections .....................................22

      CashCall Document Request No. 14 ........................................22

      Plaintiff's Responses and Objections .....................................22

      CashCall Document Request No. 16 ........................................22

      Plaintiff's Responses and Objections .....................................23

      CashCall Document Request No. 17 ........................................23

      Plaintiff's Responses and Objections .....................................23

      CashCall Document Request No. 19 ........................................23

      Plaintiff's Responses and Objections .....................................23

      CashCall Document Request No. 20 ........................................23

      Plaintiff's Responses and Objections .....................................24

      CashCall Document Request No. 21 ........................................24

      Plaintiff's Responses and Objections .....................................24

      CashCall Document Request No. 22 ........................................24

      Plaintiff's Responses and Objections .....................................24

      CashCall Document Request No. 23 ........................................25

      Plaintiff's Responses and Objections .....................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CashCall Document Request No. 24 ........................................25

Plaintiff's Responses and Objections ........................................25

CashCall Document Request No. 25 ........................................26

Plaintiff's Responses and Objections ........................................26

CashCall Document Request No. 26 ........................................26

Plaintiff's Responses and Objections ........................................26

CashCall Document Request No. 27 ........................................26

Plaintiff's Responses and Objections ........................................26

CashCall Document Request No. 28 ........................................27

Plaintiff's Responses and Objections ........................................27

CashCall Document Request No. 29 ........................................27

Plaintiff's Responses and Objections ........................................27

CashCall Document Request No. 30 ........................................28

Plaintiff's Responses and Objections ........................................28

CashCall Document Request No. 31 ........................................28

Plaintiff's Responses and Objections ........................................28

CashCall Document Request No. 32 ........................................28

Plaintiff's Responses and Objections ........................................29

CashCall Document Request No. 47 ........................................29

Plaintiff's Responses and Objections ........................................29

CashCall Document Request No. 48 ........................................29

Plaintiff's Responses and Objections ........................................29

CashCall Interrogatory No. 12 ........................................30

Plaintiff's Responses and Objections ........................................30

CashCall Interrogatory No. 13 ........................................31

Plaintiff's Responses and Objections ........................................31

CashCall Interrogatory No. 14 ........................................31

Plaintiff's Responses and Objections ........................................31

iii

CashCall Interrogatory No. 15 ................................................31

Plaintiff's Responses and Objections .....................................32

CashCall Interrogatory No. 16 ..............................................32

Plaintiff's Responses and Objections .....................................32

WS Funding Interrogatory No. 14 .........................................32

Plaintiff's Responses and Objections .....................................32

A.    Defendants' Argument .................................................32

    1.    The CFPB Has Failed To Meet The Threshold Procedural Requirements To Assert The Law Enforcement Privilege .................................................33

    2.    The CFPB Has Failed To Meet The Threshold Procedural Requirements To Assert The Deliberative Process Privilege ....................................38

    3.    The CFPB Has Not Substantiated Its Assertion Of The Bank Examiner's Privilege ......................................40

    4.    The CFPB Has Not Substantiated Its Assertion Of The Common Interest Privilege, Attorney Client Privilege, and Work Product Doctrine ...........................41

    5.    Defendants' Attempts To Resolve The Discovery Dispute .................................................41

B.    Plaintiff's Argument ...................................................42

    1.    CashCall's Discovery Infringes On Attorney Work Product .................................................42

    2.    CashCall's Requests For Examination Strategy Are Irrelevant .................................................43

    3.    CashCall's Discovery Is Overbroad And Unduly Burdensome .................................................43

    4.    The CFPB Properly Supported Its Governmental Privileges .................................................44

    5.    The CFPB Is Not Asserting The Bank Examiner's Privilege .................................................44

    6.    Neither Party Has Produced A Privilege Log ................45

    7.    The Parties' Attempts To Resolve This Dispute ............45

## JOINT STIPULATION

Defendants and Plaintiff respectfully submit this joint stipulation pursuant to Local Rule 37-2 regarding Defendants' Motion to Compel.  Pursuant to Local Rule 37-1, on April 15, 2016 and May 5, 2016 the parties conferred in an attempt to resolve their disputes but, according to Defendants, were unable to do so.  (Barloon Decl. ¶ ¶ 7, 11.)

## I.   Defendants' Introductory Statement

Facing claims that carry civil money penalties of up to $1,000,000 per day of violation, Defendants are hamstrung by the CFPB's ongoing evasive discovery answers and withholding of information on unsubstantiated privilege grounds.  Indeed, months after the CFPB's discovery responses at issue were due, and months after Defendants initiated meet and confer discussions on the topic, the CFPB continues to stall in providing information responsive to Defendants' interrogatories and satisfying the procedural requirements necessary for its privilege assertions.  The CFPB seemingly fails to appreciate that the Government's discovery obligations are "commensurate with the Government's election to bring a suit of such broad scope and magnitude." *United States v. McGraw-Hill Cos.*, No. cv 13-779-DOC (JCGx), 2014 WL 1647385, at *5 (C.D. Cal. Apr. 15, 2014).[1]  In light of the fast-approaching July 25, 2016, discovery cut-off, Defendants seek a Court order remedying the deficiencies outlined herein so that Defendants can obtain information critical to their ability to defend the action.

First, the CFPB's responses to the interrogatories described herein, which state merely that the CFPB "refers to documents produced by the Bureau" in response to CashCall's requests for production of documents, must be amended.  These responses are plainly deficient, as an interrogatory response must be full and complete, without reference to other sources.  The CFPB's attempt to rely on the narrow exception allowing

---

[1]   Regarding citations, all emphasis is added, and all internal citations, quotation, and alterations are omitted, unless otherwise noted.  References to "Decl." and "Ex." are to the contemporaneously filed Declaration of Joseph L. Barloon and the exhibits attached thereto.

1    specification of business records pursuant to Rule 33(d) falls short.  Not only has the

2    CFPB failed to establish that the indicated records are indeed appropriate for treatment

3    under Rule 33(d), but the interrogatories at issue, which seek identification of various

4    communications of relevance to this action, cannot be answered completely by reference

5    to purported business records.  Moreover, the CFPB's reliance upon a blanket reference

6    to its production is troubling given recent developments about critical gaps in the CFPB's

7    production.  (*See infra* at 13-14.)

8         Second, the CFPB must make the threshold showing necessary to assert the various

9    governmental privileges upon which it has withheld information and documents.  More

10   than two months after asserting these various privileges, the CFPB provided Defendants

11   with an untimely declaration, necessary to assert the privileges, which suffers from

12   numerous defects.   As described in detail below, the declarant lacks the requisite

13   authority and personal knowledge to invoke privilege on behalf of the CFPB, and the

14   declaration fails to provide Defendants and the Court the specificity necessary to

15   determine whether the privileges apply.   Governmental privileges are "not to be lightly

16   invoked" and the CFPB's adherence to the required procedures established under the law

17   is critical to ensuring that Defendants are not unfairly deprived of discoverable

18   information.  (*See infra* at 33-41.)

19        Defendants respectfully request that the Court compel further, complete responses

20   to the interrogatories identified below, and production of non-privileged documents

21   responsive to CashCall's First Set of Requests for Production of Documents.  Defendants

22   also request that the Court overrule Plaintiff's deficient objections based on the various

23   governmental privilege assertions and compel the production of documents that Plaintiff

24   is withholding.

25   II.    **Plaintiff's Introductory Statement**

26        The CFPB understands its discovery obligations, and does not dispute CashCall's

27   characterization of the seriousness of this case.   CashCall's specific challenges to the

28   CFPB's discovery responses, however, are unfair and lack context.  Neither can CashCall

1  claim to have been "hamstrung" in its defense: the overwhelming majority of

2  discoverable information in this case consists of CashCall's own business records, and

3  documents received from its own customers.

4       The interrogatories at issue in this motion are so broad as to be unanswerable.  The

5  document production requests are directed only toward attorney work product and other

6  privileged information about the CFPB's and other agencies' investigations.  As a result,

7  CashCall's arguments do not have the persuasive force that they might have had in the

8  context of more focused, fact-driven discovery.  The Court should deny CashCall's

9  motion to compel because the discovery described in this motion is objectionable due to

10 its overbreadth, the undue burden of responding to it, and in many cases, because it

11 requests only privileged information.  In the alternative, the Court should find the

12 CFPB's responses sufficient.

13      CashCall's first challenge, which relates to five interrogatories, claims that the

14 CFPB's responses by reference to business records under Fed. R. Civ. P. 33(d) were too

15 general.  But CashCall does not inform the Court that it used the same approach in

16 answering the CFPB's interrogatories.  And because the volume of CashCall's document

17 production to date exceeds the CFPB's by four orders of magnitude — the CFPB has

18 produced about 800 documents; CashCall has produced 9.8 million unindexed,

19 undifferentiated documents — it means much less for CashCall to refer generally to

20 documents in its own interrogatory responses than for the CFPB to do so.

21      Moreover, CashCall's interrogatories are broad.  They request a description of all

22 communications between anyone at the CFPB, or any third party, and anyone who ever

23 worked for the defendants, anyone who ever worked for Western Sky, any member of the

24 Cheyenne River Sioux Tribe, any consumer who ever obtained a Western Sky loan, and

25 any financial institution, relating to this case.  They also request a description of any

26 document supporting the CFPB's central contention in this case; that the Western Sky

27 loans are subject to state law.  Given the generality of these requests, and the

28 impossibility of describing such a broad range of communications and documents, the

3

1   CFPB had no reasonable option (beyond preserving its objections), other than to refer to
2   the documents that it had already produced.

3       CashCall's second challenge, claiming that the CFPB's declaration asserting the
4   deliberative process and law enforcement privileges was too broad, has a similar flaw.
5   Taken together, the document requests and interrogatories at issue request every single
6   investigative document and communication concerning the CFPB's (and other agencies')
7   strategies in this and other cases against CashCall, including — among other things —
8   communications with state and other federal agencies, strategic communications among
9   law enforcement agencies, communications concerning the type and amount of relief to
10  seek from CashCall and how to divide it up, and a description of teleconferences between
11  the CFPB and state agents.  Indeed, one of the interrogatories — Interrogatory No. 14 —
12  actually asks the CFPB to describe why it did not include certain claims in its first
13  amended complaint.

14      CashCall is not entitled to any of this information.  This discovery is a textbook
15  attempt to pull back the curtain on the CFPB's work product, agency deliberations, and
16  investigative strategy.   The CFPB could not reasonably describe, in a declaration
17  asserting deliberative process privilege, every single strategic communication and
18  document that could be responsive to this set of discovery requests.  Nor should it have to.
19  This motion concerns discovery requests that are objectionable on their face because they
20  are directed only at work product, deliberations, and investigative or litigation strategy.
21  This is not a case where a party has asked for a particular document, or type of document,
22  that the CFPB could address in a specific declaration.  CashCall has asked the CFPB not
23  only to open its investigative files to inspection, but also to describe every investigative
24  communication it has had concerning this case.  The Court should uphold the CFPB's
25  objection to these requests.

26      Finally, the CFPB objects to the timing of CashCall's motion, to which it did not
27  agree.  Under Local Rule 37, the joint stipulation should be filed at least 21 days before
28  the date on which the motion is calendared for hearing, allowing time for supplemental

4

submissions and for the Court's review.  CashCall intends to file this stipulation within one day of the Court's hearing on the CFPB's discovery motion, which concerns an unrelated matter and which was calendared properly.  CashCall also includes another discovery dispute, relating to defendant Reddam's deposition, that has not yet been briefed.  This Court's standing order requires "strict compliance" with Local Rule 37. The Court should strike this motion and require CashCall to refile it in accordance with the rules.

### III.   Defendants' Motion to Compel Complete Responses To Interrogatories, Which Responses Refer Generally "To Documents Produced"

In response to the interrogatories identified below (CashCall's Interrogatories Nos. 7, 8, 9, 10, 11 and WS Funding's Interrogatory No. 13), the CFPB's responses state only that "the Bureau refers to documents produced in response to CashCall's First Request for the Production of Documents."

### CashCall Interrogatory No. 7

IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or ACTION between YOU, or any third party, and any current or former employee, agent, or independent contractor of any of the DEFENDANTS.

### Plaintiff's Responses and Objections

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, seeks information that is not relevant to any party's claims or defenses, and calls for information that is protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine.

Notwithstanding and without waiving these objections, as permitted under Rule 33(d), the Bureau refers to documents produced in response to CashCall's First Request for the Production of Documents, Requests 1 through 6.

1   **CashCall Interrogatory No. 8**

2       IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or

3   ACTION between YOU, or any third party, and any current or former employee, agent,

4   representative or independent contractor of Western Sky Financial, LLC.

5       **Plaintiff's Responses and Objections**

6       The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,

7   seeks information that is not relevant to any party's claims or defenses, and calls for

8   information that is protected by the law enforcement privilege, deliberative process

9   privilege, common interest privilege, attorney client privilege, and the work product

10  doctrine.

11      Notwithstanding and without waiving these objections, as permitted under Rule

12  33(d), the Bureau refers to documents produced in response to CashCall's First Request

13  for the Production of Documents, Request 7.

14  **CashCall Interrogatory No. 9**

15      IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or

16  ACTION between YOU, or any third party, and any current or former member, agent,

17  representative or affiliate of the TRIBE.

18      **Plaintiff's Responses and Objections**

19      The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,

20  seeks information that is not relevant to any party's claims or defenses, and calls for

21  information that is protected by the law enforcement privilege, deliberative process

22  privilege, common interest privilege, attorney client privilege, and the work product

23  doctrine.

24      Notwithstanding and without waiving these objections, as permitted under Rule

25  33(d), the Bureau refers to documents produced in response to CashCall's First Request

26  for the Production of Documents, Request 8.

27  **CashCall Interrogatory No. 10**

28      IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or

1   ACTION between YOU, or any third party, and any consumers who obtained a WS

2   LOAN, including Eva Adams, Arnel Angeles, Karen Barboza, Georganne Bickle, Melissa

3   Brown, Brenda Collins, Cynthia Consentino, Kimberiey Couch, Deloris Crawford,

4   Melissa Dixon, Donald Durett, Thomas Eldred, Kristen Fenton, Jason Foreman, Pamela

5   Foxx, Bradford Frieler, Lynne Graff, Lorri Gunnison, Jami Haider, Annette Haley, Dorian

6   Hart, Brooke Hibbard, John Hill, Joseph Holtz, Kimberly Hoyle (Fairweather), Sheila

7   Kelly, Jennifer Kennedy, Joseph LaFond, Jessica Lieding, Juan Liverpool, Scott

8   McCleary, Mark McNamara, Christine Melanson, John Melo, Kristina Pargas, Brockton

9   Rapp, Bruce Ritenburg, Henry Sheets, Carol Sterling, Stephen Vieira, Emma Willey

10  (McClelland), Douglas Worobey, and Gwen Wright.

11  **Plaintiff's Responses and Objections**

12  **RESPONSE TO INTERROGATORY NO. 10:**

13  The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,

14  and calls for information that is protected by the law enforcement privilege, deliberative

15  process privilege, common interest privilege, attorney client privilege, and the work

16  product doctrine.

17  Notwithstanding and without waiving these objections, as permitted under Rule

18  33(d), the Bureau refers to documents produced in response to CashCall's First Request

19  for the Production of Documents, Request 9.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

21  The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,

22  and calls for information that is protected by the law enforcement privilege, deliberative

23  process privilege, common interest privilege, attorney client privilege, and the work

24  product doctrine.

25  Notwithstanding and without waiving these objections, as permitted under Rule

26  33(d), the Bureau refers to documents produced in response to CashCall's First Request

27  for the Production of Documents, Requests 1 and 9.

28

7

**CashCall Interrogatory No. 11**

IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or ACTION between YOU, or any third party, and GoDaddy.com, LLC; Network Solutions, LLC; T$$, LLC; Ryan McCurry; Wells Fargo Bank, N.A., or any other "Financial Institutions and Other Organizations and Related Individuals," as such terms are used on page 7 of PLAINTIFF'S INITIAL DISCLOSURES.

**Plaintiff's Responses and Objections**

**RESPONSE TO INTERROGATORY NO. 11:**

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, and calls for information that is protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine. Based on the objections, and because the requested discovery will not assist in the resolution of the issues in this case, and because the burden and expense of the requested discovery far outweighs any potential benefit, the plaintiff has not conducted a thorough search for responsive documents of an administrative nature, such as emails sent or received for the purpose of scheduling.

Notwithstanding and without waiving these objections, as permitted under Rule 33(d), the Bureau refers to documents produced in response to CashCall's First Request for the Production of Documents, Request 10.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, and calls for information that is protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine. Based on the objections, and because the requested discovery will not assist in the resolution of the issues in this case, and because the burden and expense of the requested discovery far outweighs any potential benefit, the plaintiff has not conducted a thorough search for responsive documents of an administrative nature, such as emails sent or received for the purpose of scheduling.

8

1   Notwithstanding and without waiving these objections, as permitted under Rule

2   33(d), the Bureau refers to documents produced in response to CashCall's First Request

3   for the Production of Documents, Requests 1 and 10.

4   **WS Funding Interrogatory No. 13**

5   IDENTIFY all DOCUMENTS supporting YOUR contention that the WS LOANS

6   were and are subject to state law.

7   **Plaintiff's Responses and Objections**

8   **RESPONSE TO INTERROGATORY NO. 13:**

9   The Bureau objects to this interrogatory on the grounds that it seeks a legal

10  conclusion. The Bureau further objects to this interrogatory as unduly burdensome

11  insofar as it is a premature contention interrogatory not appropriate for the earliest stages

12  of merits discovery. A complete answer to this interrogatory depends on merits discovery

13  of defendants, which the Bureau has yet to obtain.

14  The Bureau reserves its right to supplement its answer to this interrogatory after

15  merits and expert discovery have concluded.

16  Notwithstanding and without waiving this objection, the Bureau refers back to its

17  First Amended Complaint and as permitted under Rule 33(d), the Bureau refers to

18  documents to be produced by the Bureau in response to CashCall, Inc.'s Document

19  Request No. 9.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

21  The Bureau objects to this interrogatory on the grounds that it seeks a legal

22  conclusion. The Bureau further objects to this interrogatory as unduly burdensome

23  insofar as it is a premature contention interrogatory not appropriate for the earliest stages

24  of merits discovery. A complete answer to this interrogatory depends on merits discovery

25  of defendants, which the Bureau has yet to obtain.

26  The Bureau reserves its right to supplement its answer to this interrogatory after

27  merits and expert discovery have concluded.

28  Notwithstanding and without waiving this objection, as permitted under Rule 33(d),

9

the Bureau refers to documents to be produced by the Bureau in response to CashCall, Inc.'s Document Requests No. 1 and 9.

### A. **Defendants' Argument**

#### 1. **An Interrogatory Response Must Not Refer Generally To Documents**

Plaintiff responds to CashCall's Interrogatories Nos. 7, 8, 9, 10, 11 and WS Funding's Interrogatory No. 13 by referring generally to the documents produced by the CFPB in response to CashCall's Request for Production of Documents. These responses are incomplete and constitute improper references to documents in lieu of interrogatory responses that are full and complete in and of themselves.

A party does not satisfy its obligations by referring generally to documents. *See Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) ("Because Rule 33(b)(1) requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories"); *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20 (2009).

Generally, if the information sought in the request is contained in the responding party's records and files, that party is under a duty to search the records to provide the answers. *See Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992) ("[A] party that knows or has access to an interrogatory answer may not . . . avoid furnishing a responsive interrogatory answer where . . . the answer cannot be ascertained from the documents."). "[U]nder Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories—not to avoid answering them." *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277-78 (C.D. Cal. 1999). "A shotgun 'default to the documents' approach to answering a factual contention interrogatory does not satisfy a party's obligation to articulate the facts . . . in an explicit, responsive, complete, and candid manner." *Probuilders Specialty Ins. Co. v. Valley Corp.*, No. C10-05533 EJD(HRL), 2012 WL 6045753, at *3 n.3 (N.D. Cal. Nov. 28, 2012).

10

1    The CFPB has a duty to provide full and complete information in response to

2  Defendants' interrogatories.    A general reference to "documents produced" or

3  "documents to be produced" in response to various requests for production of documents

4  is plainly inadequate and should be cured through supplemental responses.

5              **2.    The CFPB's Attempt To Invoke Rule 33(d) Is Improper**

6    CashCall's Interrogatories Nos. 7, 8, 9, 10, and 11 ask Plaintiff to identify "all

7  communications" with various third parties relating to the action, by providing the date,

8  time, means and substance of the communication, and any persons present or with

9  knowledge of the communication.  As a matter of law, it is improper for a respondent to

10 use Rule 33(d) to respond to interrogatories like these, which seek all communications

11 related to a certain topic.  *See Forest Guardians v. Kempthorne*, No. 06CV2560-L(CSP),

12 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008) ("To the extent any of the referenced

13 communications were oral or are not contained within the . . . record, responses under

14 Rule 33(d) are wholly insufficient."); *Kelatron v. Marlyn Nutraceuticals*, No. 1:12-CV-

15 00124-DB-DBP, 2013 WL 4498722, at *2 (D. Utah Aug. 21, 2013) ("Defendant

16 inappropriately used Fed. R. Civ. P. 33(d) to respond to Interrogatory . . . [that] seeks all

17 communications, including oral communications that would not be reflected in

18 Defendant's business records."); *Robinson Steel Co. v. Caterpillar, Inc.*, No. 2:10-CV-

19 438-JTM-PRC, 2012 WL 3245987, at *4-5 (N.D. Ind. Aug. 6, 2012) (ordering that

20 plaintiff "supplement its written response by specifically identifying each oral

21 communication . . . including as best as possible the date, place, type, substance, and

22 persons who made and received the communication.").    Indeed, as counsel for

23 Defendants raised with counsel for the CFPB, certain of the documents produced by the

24 Plaintiff in its second production reference oral communications with witnesses that

25 would not be captured in any documents produced.  (*See* Barloon Decl. Ex. 5, at 17; Ex.

26 11 (communications from borrowers to CFPB stating, "You called today requesting

27 documents"; and referencing "our conversation."))

28    In addition, the responding party must refer to the business records with sufficient

11

1  detail such that the requesting party can determine whether those documents properly

2  qualify as business records. *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08CV1392-JLS

3  (NLS), 2010 WL 2181416, at *6 (S.D. Cal. May 25, 2010), *objections overruled*, 2010

4  WL 3033808 (S.D. Cal. Aug. 3, 2010).   Investigative reports are not "business records"

5  within the meaning of Rule 33(d).   *See Hoffman v. United Telecomms., Inc.*, 117 F.R.D.

6  436, 438 (D. Kan. 1987) (holding that documents submitted by an employer to the Equal

7  Employment Opportunity Commission (EEOC) were not business records of the EEOC

8  for purposes of providing business records in lieu of an answer to an interrogatory).

9  Plaintiff's responses – which provide no information beyond referring CashCall to

10  "documents produced" or "documents to be produced" – do not provide any details

11  sufficient to assess whether the documents referenced are business records which are the

12  proper subject of Rule 33(d).   *See State of Colo. v. Schmidt-Tiago Constr. Co.*, 108 F.R.D.

13  731, 735 (D. Colo. 1985) ("The appropriate answer when documents are to be used

14  [under Rule 33(d)] is to list the specific document provided [to] the other party and

15  indicat[e] the page or paragraphs that are responsive to the interrogatory.").   To the extent

16  that Plaintiff attempts to refer to correspondence it had with borrowers as "business

17  records," the CFPB's reliance on Rule 33(d) is inappropriate, and it must provide full and

18  complete responses describing the responsive communications.

19              **3.      The Interrogatories Seek Discoverable Information**

20          "The party opposing discovery has the burden of showing that the discovery is

21  overly broad, unduly burdensome or not relevant." *Incorp Servs., Inc. v. Nev. Corp.*

22  *Servs.*, No. 209-CV-01300-GMN-GWF, 2010 WL 2540607, at *3 (D. Nev. June 17,

23  2010).   "[T]he objecting party must specifically detail the reasons why each request is

24  irrelevant" and may not rely on boilerplate, generalized, conclusory, or speculative

25  arguments. *Painters Joint Comm. v. Emp. Painters Tr. Health & Welfare Fund*, No.

26  2:10-CV-01385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011), *order*

27  *corrected on reconsideration sub nom. Painters Joint Comm. v. J.L. Wallco, Inc.*, No.

28  2:10-cv-01385-JCM-PAL, 2011 WL 5854714 (D. Nev. Nov. 21, 2011).   The CFPB has

1  not made, and cannot make, this showing.

2      In a letter exchange on the topic, counsel for the CFPB stated, in objection to the

3  interrogatories:  "The implication is that we should describe all oral communications

4  involving anyone relating to any issue involved in this case that was not previously

5  recorded in business records.  If so, that interrogatory is objectionable as noted in our

6  response." (Barloon Decl. Ex. 7, at 20-21.)

7      The interrogatories at issue seek only those communications with various third

8  parties that relate to the CFPB's investigation into, or action against, Defendants.  On

9  their face, the interrogatories seek relevant information within the broad scope of Rule 26.

10  *See Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *3

11  (W.D. Wash. Oct. 29, 2014) ("A request for discovery should be considered relevant if

12  there is *any possibility* that the information sought may be relevant to the subject matter

13  of [the instant] action.").  Defendants' interrogatories are unquestionably allowable in

14  federal discovery.  *See, e.g.*, *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224

15  F.R.D. 644, 653-54 (N.D. Cal. 2004) (compelling responses to interrogatories seeking all

16  communications between the defendant and a third party regarding the subject matter of

17  the litigation).  The CFPB's attempt to distinguish *Kelatron*, 2013 WL 4498722, in its

18  letter by stating that, in that case, "the interrogatory at issue . . . requested only one

19  specific type of communication between only two parties," is irrelevant.  (Barloon Decl.

20  Ex. 7, at 20 n.1.)  That the *Kelatron* court did not address a hypothetical interrogatory

21  seeking information relevant to the litigation does not bear on its permissibility here.

22      Indeed, counsel for the CFPB concedes that the requests touch "issue[s] involved

23  in this case."  In its meet and confer correspondence, the CFPB has provided no grounds

24  supporting its blanket statement that the "interrogator[ies] [are] objectionable" and should

25  be compelled to provide complete responses.  (*Id.* at Ex. 7, 20-21.)

26      **4.    Plaintiff's Document Production Is Deficient**

27      Plaintiff's responses citing to its document production are especially concerning in

28  light of the fact that ongoing discovery has revealed serious deficiencies in Plaintiff's

13

1  production.   Plaintiff made three productions of documents: on March 21, 2016,
2  April 19, 2016, and May 13, 2016.  (*See id.* Exs. 1, 4, 7.)

3      In the June 1, 2016 deposition of Defendant J. Paul Reddam, counsel for Plaintiff
4  introduced several documents as exhibits that have not been produced in this
5  action.  (*Id.* Ex. 9.)  The documents are squarely responsive to Defendants' requests for
6  production of documents, to which Plaintiff responded on March 21, 2016 that it would
7  produce responsive documents.  (*Id.* Ex. 10.).  When asked for a representation on the
8  record that the CFPB had produced these documents to the Defendants in this action,
9  Plaintiff's counsel refused to do so, stating:

10      "[Y]ou're not entitled to my representation on the record in this deposition
11      about what status this document has in other discovery.  We can talk about
12      that at length at any other time, but not on my clock, on the government's
        time, in this deposition.  Right now I'm asking your client about it.  If he
13      knows about it, great.  If he doesn't, great."

14  (*Id.* Ex. 9, at 131.)   Counsel for Defendants have initiated a separate meet and
15  confer on the issue of that production deficiency, but it is relevant here to the extent
16  Plaintiff is both depriving Defendants of full and complete answers to interrogatories,
17  which were due on March 21, 2016, and pointing Defendants to a production that is
18  known to be incomplete over 70 days later.

19          **5.      Defendants' Attempts To Resolve The Discovery Dispute**

20      In an attempt to resolve this issue, Defendants sent counsel for Plaintiff a letter on
21  April 27, 2016 outlining this deficiency and requesting greater specificity in response to
22  the interrogatories at issue.  (*See id.* Ex. 5.)  During a meet and confer conference on May
23  5, counsel for Defendants asked counsel for the CFPB to present its position on the
24  interrogatory responses raised by Defendants.   (*See id.* ¶ 11.) Counsel for the CFPB
25  stated that they would provide a written response by the end of day on May 6.  (*Id.*)  That
26  response was never delivered, and Defendants again lodged a request for the CFPB to
27  address this discovery issue by letter sent via email on May 13, 2016.  (*Id.* Ex. 12.)  On
28  May 18, 2016, counsel for the CFPB sent a letter that stated that "[t]he referenced

14

1  documents have already been produced." (*See id.* Ex. 7.)  Counsel for the CFPB did not

2  agree to provide full and complete interrogatory responses and did not provide

3  information sufficient to determine whether the records cited to were indeed business

4  records appropriate to invoke Rule 33(d). (*Id.*)

5  Moreover, though the CFPB's interrogatory responses reference documents

6  "produced in response to" CashCall's Request Nos. 1-10, Plaintiff's production cover

7  letters indicate that the CFPB has only produced documents responsive to Request Nos. 1,

8  2 and 11 of CashCall's requests for production.  The documents produced by Plaintiff are

9  not otherwise organized or identified by the topic to which the CFPB claims they are

10  responsive. (*Id.* Exs. 1, 4, 7.)

11  Thus, Defendants request that the Court compel Plaintiff to amend its responses to

12  provide full and accurate responses to these interrogatories, including identifying the date,

13  time, means, and substance of any communication responsive to CashCall's

14  Interrogatories Nos. 7, 8, 9, 10, 11 and WS Funding's Interrogatory No. 13, and

15  identifying all persons with knowledge regarding any such communication.

16  **B.   Plaintiff's Argument**

17  **1.   The Interrogatories Are Unduly Burdensome And Overbroad**

18  This Court has the discretion to limit discovery to serve the interests of justice and

19  equity.  *Century Indemnity Co. v. The Marine Group, LLC*, No. 3:08-CV-1375-AC, 2015

20  WL 9294792, *1 (D. Or. Dec. 21, 2015) (citing *Herbert v. Lando*, 441 U.S. 153, 177

21  (1979)).  "On motion or on its own, the court must limit the frequency or extent of

22  discovery otherwise allowed by these rules" if the burden and expense of producing the

23  requested documents would outweigh the likely benefit of production. *Id.* (*citing* Fed. R.

24  Civ. P. 26(b)(2)(C)(iii)).

25  The interrogatories here, by seeking "all communications" not only involving any

26  CFPB employee, but also "any third party," and any "current or former employee, agent,

27  representative or independent contractor" of the defendants, or Western Sky, or any

28  member of the Cheyenne River Sioux Tribe, or any financial institution, or any consumer

15

1  who obtained a Western Sky Loan, are so broad and burdensome as to be unanswerable.

2  They are unlimited by date.  The subject matter — "the Investigation or Action" — is

3  defined to encompass "any informal and formal investigations," past or current, that

4  relate to "all facts" and matters relating to this case.  Martikan Decl., Exhibit 1 at 1, 3.

5  The verb "identify" requires production of the name, address, and contact information of

6  each person involved, as well as the time, date, location, and circumstances of the

7  communication.  *Id.* at 1.  The interrogatories include communications by "any third

8  party," without limitation.  It is unclear how the CFPB, or anyone else, could possibly

9  answer these interrogatories.  A district court in Texas, evaluating a much narrower

10  request for communications — all communications between an employer and any other

11  person regarding one individual's health conditions — found it objectionably overbroad.

12  *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1180 (E.D. Tex. 2011).

13      In contrast, the district court cases on which CashCall relies involve much more

14  focused interrogatories.  The district court in *Fresenius Medical Care Holding, Inc. v.*

15  *Baxter Int'l Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004), for example, upheld discovery

16  about agreements and communications between two specified parties relating to a

17  particular issue that the district court found "specific in seeking the first embodiment of

18  each claimed invention for each claim of each asserted patent."  And the interrogatory at

19  issue in *Kelatron v. Marlyn Nutraceuticals*, No. 12-cv-0124 DB DBP, 2013 WL 4498722

20  (D. Utah Aug. 21, 2013), another case CashCall cites, requested only one specific type of

21  communication between only two parties.

22      The Court should uphold the CFPB's objections to these interrogatories because

23  they are impermissibly overbroad and unduly burdensome, especially in relation to its

24  likely benefit.  And with respect to the interrogatories concerning communications with

25  defendants, defendants' contractors, Western Sky, or the Cheyenne River Sioux Tribe,

26  CashCall has equal access to this information.  Under Rule 26(b)(1), the equities of

27  discovery in this case do not support CashCall's motion to compel information already in

28  its own records.

### 2.      The Interrogatories Impermissibly Seek Privileged Work Product

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."  *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 906-07 (9th Cir. 2004) (*quoting Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989)).  Such documents may only be ordered produced upon an adverse party's demonstration of "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).  *Id.* at 907.  The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation. *United States v. Nobles*, 422 U.S. 225, 239 (1975).

The interrogatories at issue here, by requesting — without limitation — the details of any communications with various outside parties concerning this lawsuit or the investigation of any matter relating to this lawsuit, are designed to elicit work product. The substance of any communications that attorneys or investigators might have had with any member of a broad class of individuals (including any consumer who ever applied for a Western Sky loan), about the preparation or litigation of this lawsuit, would be responsive and thus fair game.   District courts have found similar interrogatories objectionable, because they reveal the opposing party's investigative and litigation strategies.  *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) ("any further response by plaintiffs to defendant's Special Interrogatory Nos. 1 through 3 would necessarily reveal counsel's opinions regarding the relative importance of these witnesses, the highlights of their testimony/factual knowledge, and would link any future statements by the witnesses with plaintiff's counsel's legal theories and conclusions as outlined in the complaint.'   Accordingly, this Court finds that the information sought by defendant is protected as attorney work product."); *Thomas v. Beutler*, No. 2:10-CV-01300 MCE, 2012 WL 4845571, *3 (E.D. Cal. Oct. 10, 2012) ("Even the identities of witnesses

1  interviewed by counsel have been held to be protected attorney work product because

2  "disclosure would necessarily reveal counsel's opinions regarding the relative importance

3  of these witnesses, the highlights of their testimony/factual knowledge, and would link

4  any future statements by these witnesses with counsel's legal theories and

5  conclusions[.]'").

6       For the same reasons, the information requested by these interrogatories is covered

7  by the deliberative process privilege, which protects from disclosure inter-agency or

8  intra-agency memoranda or letters that would not be discoverable in litigation under the

9  work-product doctrine.  *Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th

10  Cir. 2009).  While documents subject to a deliberative-process claim must ordinarily be

11  segregated, that requirement does not apply when the privileged information is so

12  interwoven with the discoverable material that it is not segregable.  *Id*.  In this case,

13  where CashCall has asked the CFPB to create work product, rather than to produce it, and

14  where the information cannot reasonably be segregated into privileged and non-

15  privileged portions, this requirement should not apply.

16       **3.     The CFPB Properly Referenced Documents Under Fed. R. Civ. P.
         33(d)**

17

18       Without waiving its objections, described above, to the interrogatories at issue, the

19  CFPB referred CashCall to documents already produced in response to CashCall's

20  document production requests, as Rule 33(d) allows.  Under that rule, the parties may,

21  where appropriate, answer interrogatories by reference to business records.  CashCall

22  argues that the CFPB's invocation of this rule to answer five interrogatories was

23  improper because (1) the response would not include purely oral communications; and (2)

24  the reference was not sufficiently specific.  The Court should reject these arguments

25  because the request for a description of an undiscernible number of purely oral

26  communications among numerous unspecified parties is objectionable, for the reasons

27  described above.  To the extent that non-privileged communications are not already

28  memorialized in documents, it would be unduly burdensome for the CFPB to discover

18

1   and then recreate them.  A case that CashCall cites in support of its motion, *Robinson*
2   *Steel Co. v. Caterpillar, Inc.*, No. 2:10-CV-438 JTM PRC, 2012 WL 3245987 (N.D. Ind.
3   Aug. 6, 2012), illustrates the problem with CashCall's position.  In that case, the issue
4   was whether an oral contract had been formed, and the magistrate judge held that since
5   two employees had relevant information, it was not unduly burdensome to require the
6   responding party to describe their oral communications.  *Id*. at *5.

7        The situation here is different.   CashCall's interrogatories invoke a virtually
8   unlimited number of potential communications among numerous unspecified parties,
9   including communications in which the CFPB did not even take part.  The Court should
10  find that the CFPB's use of Rule 33(d) to answer these interrogatories is sufficient given
11  the objectionable nature of the request to describe numerous purely oral communications.

12       Second, the Court should reject CashCall's complaint about the generality of the
13  CFPB's reference to documents because CashCall has done the same in its own responses
14  to the CFPB's contention interrogatories.  Martikan Decl., ¶2, Exhibit 2.  Specifically,
15  CashCall answered the contention interrogatories with a general reference to "electronic
16  loan files," a category of documents so large and amorphous that the CFPB is unable to
17  differentiate it from the other un-indexed, un-differentiated documents making up
18  CashCall's 9.8 million documents (comprising 16.2 million pages) produced so far in
19  discovery.  Martikan Decl., ¶4, Exhibit 2.  CashCall now complains that the CFPB may
20  not use this same approach in its own interrogatory answers, even though the universe of
21  documents that the CFPB has produced (about 800), is four orders of magnitude smaller.
22  Martikan Decl., ¶4.  While the adequacy of CashCall's discovery responses is not now
23  before the Court, equity, proportionality, and fairness play an important role in discovery.
24  Fed. R. Civ. P. 26(d)(1).  CashCall cannot complain about the CFPB's interrogatory
25  responses when it has used the same strategy to its own advantage.

26       One aspect of Rule 33(d) that CashCall does not address is that it applies "if the
27  burden of deriving or ascertaining the answer will be substantially the same for either
28  party[.]"  The burden for CashCall to review the CFPB's document production is much

19

1  smaller than the burden on the CFPB to describe — as requested — all communications

2  between anyone at the CFPB, or any third party, and anyone who ever worked for the

3  defendants, and anyone who ever worked for Western Sky, and any member of the

4  Cheyenne River Sioux Tribe, and any consumer who ever obtained a Western Sky loan,

5  and any financial institution, relating to this case.  The Court should find that the balance

6  of burdens in responding to this discovery favors the CFPB's production of documents

7  under Rule 33(d).

### 4.    CashCall's Reference To An Unripe Discovery Dispute Is Improper

8
9  In an irrelevant aside, CashCall refers in Section A(4) of its portion of this joint

10 stipulation to an unripe, discovery dispute involving the deposition of defendant Reddam.

11 CashCall's Argument, Subsection A(4).  When CashCall prepared its part of this joint

12 stipulation this issue had not even been raised at a meet and confer, and the parties have

13 not yet briefed it.  CashCall's argument is untethered to any claim for relief in this motion.

14 Under Local Rule 37, the Court should ignore this claim until it has been properly raised,

15 briefed, and calendared.

### 5.    The Parties' Attempts To Resolve This Issue

16
17 The parties' meet and confer process did not resolve this dispute.  CashCall did not

18 offer to reformulate its interrogatories, and the CFPB refused to withdraw its objections

19 and modify its responses under Rule 33(d).

20

## IV.    Defendants' Motion For Order Overruling Unsubstantiated Privilege Assertions

21
22 In response to the interrogatories and requests for production identified below

23 (CashCall's Interrogatories Nos. 12, 13, 14, 15, 16 and WS Funding's Interrogatory No.

24 14, and CashCall's Requests for Production Nos. 11, 12, 13, 14, 16, 17, 19, 20, 21, 22, 23,

25 24, 25, 26, 27, 28, 29, 30, 31, 32, 47, and 48), the CFPB responds by standing on various

26 privilege assertions.

### CashCall Document Request No. 11

27
28 All   COMMUNICATIONS   and   DOCUMENTS   RELATING   TO   the

20

INVESTIGATION or ACTION and CONCERNING the State of Alaska Dept. of Commerce, Community and Economic Development, Div. of Banking and Securities; the Arkansas Attorney General's Office; the California Dept. of Business Oversight; the Office of the Colorado State Attorney General; the Connecticut Dept. of Banking; the District of Columbia Office of the Attorney General; the State of Florida, Office of Financial Regulation; the State of Florida, Office of the Attorney General; the Office of the Attorney General of Georgia; the State of Illinois Dept. of Financial and Professional Regulation; the Indiana Office of the Attorney General; the Iowa Div. of Banking; the Office of the State Bank Commissioner of Kansas; the Maryland Commissioner of Financial Regulation; the Massachusetts Div. of Banks; the Massachusetts Office of the Attorney General; the State of Michigan Dept. of Insurance and Financial Services; the Office of Minnesota Attorney General; the Missouri Attorney General; the State of Nevada, Dept. of Business & Industry, Financial Institutes Div.; the State of New Hampshire Banking Commission; the New York Attorney General's Office; the North Carolina Dept. of Justice; the Oregon Div. of Finance and Corporate Securities; the Oregon Dept. of Justice; the Pennsylvania Dept. of Banking and Securities; the State of Vermont Office of the Attorney General; the Washington State Dept. of Financial Institutions; the Office of the West Virginia Attorney General; or any other "Federal and State Consumer Protection Organizations," as such terms are used on page 8 of PLAINTIFF'S INITIAL DISCLOSURES.

### Plaintiff's Responses and Objections

The Bureau objects to this request on the grounds that it is vague, overbroad, and seeks information protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine.

### CashCall Document Request No. 12

All DOCUMENTS and COMMUNICATIONS RELATING TO the INVESTIGATION or ACTION and CONCERNING the FTC, including, but not limited

21

1  to, all DOCUMENTS referenced on page 12 of PLAINTIFF'S INITIAL DISCLOSURES.

2  **Plaintiff's Responses and Objections**

3  The Bureau objects to this request on the grounds that it is vague, overbroad, and

4  seeks information protected by the law enforcement privilege, deliberative process

5  privilege, common interest privilege, attorney client privilege, and the work product

6  doctrine.

7  **CashCall Document Request No. 13**

8  All DOCUMENTS RELATING TO, and COMMUNICATIONS with, any

9  FEDERAL AGENT CONCERNING DEFENDANTS, the INVESTIGATION or

10  ACTION.

11  **Plaintiff's Responses and Objections**

12  The Bureau objects to this request on the grounds that it is vague, overbroad, and

13  seeks information protected by the law enforcement privilege, deliberative process

14  privilege, common interest privilege, attorney client privilege, and the work product

15  doctrine.

16  **CashCall Document Request No. 14**

17  All DOCUMENTS RELATING TO, and COMMUNICATIONS with, the CSBS

18  RELATING TO DEFENDANTS, the INVESTIGATION or ACTION.

19  **Plaintiff's Responses and Objections**

20  The Bureau objects to this request on the grounds that it is vague, overbroad, and

21  seeks information protected by the law enforcement privilege, deliberative process

22  privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

23  and the work product doctrine.

24  **CashCall Document Request No. 16**

25  All DOCUMENTS RELATING TO, and COMMUNICATIONS with, any STATE

26  AGENT CONCERNING DEFENDANTS, the INVESTIGATION or ACTION,

27  including all COMMUNICATIONS with the SCC and signatories to the 2011

28  INFORMATION SHARING MOU.

1    **Plaintiff's Responses and Objections**

2        The Bureau objects to this request on the grounds that it is vague, overbroad, and

3    seeks information protected by the law enforcement privilege, deliberative process

4    privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

5    and the work product doctrine.

6        **CashCall Document Request No. 17**

7        All DOCUMENTS and COMMUNICATIONS RELATING TO efforts by the

8    CFPB, the CSBS, or STATE AGENTS to COORDINATE the INVESTIGATION or

9    ACTION with any other past, contemplated or existing actions, enforcement proceedings,

10   or regulatory proceedings against DEFENDANTS.

11       **Plaintiff's Responses and Objections**

12       The Bureau objects to this request on the grounds that it is vague, overbroad, and

13   seeks information protected by the law enforcement privilege, deliberative process

14   privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

15   and the work product doctrine. The Bureau further objects to this request on the ground

16   that it seeks information that is not relevant to any party's claims or defenses.

17       **CashCall Document Request No. 19**

18       All DOCUMENTS and COMMUNICATIONS RELATING TO relief sought in

19   any actions, enforcement proceedings, or regulatory proceedings against DEFENDANTS.

20       **Plaintiff's Responses and Objections**

21       The Bureau objects to this request on the grounds that it is vague, overbroad, and

22   seeks information protected by the law enforcement privilege, deliberative process

23   privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

24   and the work product doctrine.

25       **CashCall Document Request No. 20**

26       All DOCUMENTS and COMMUNICATIONS RELATING TO the proposed,

27   contemplated, or actual settlement, or any other resolution, of any actions, enforcement

28   proceedings, or regulatory proceedings against DEFENDANTS, including settlement

1  offers made by DEFENDANTS or other parties, and any negotiations.

2      **Plaintiff's Responses and Objections**

3      The Bureau objects to this request on the grounds that it is vague, overbroad, and seeks

4  information protected by the law enforcement privilege, deliberative process privilege, common

5  interest privilege, attorney client privilege, bank examiners' privilege, and the work product

6  doctrine.

7      **CashCall Document Request No. 21**

8      Produce all drafts, amendments, and signature pages of the 2011 INFORMATION

9  SHARING MOU.

10      **Plaintiff's Responses and Objections**

11      The Bureau objects to this request on the grounds that it is vague, overbroad, and

12  seeks information protected by the law enforcement privilege, deliberative process

13  privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

14  and the work product doctrine. The Bureau further objects to this request on the ground

15  that it seeks information that is not relevant to any party's claims or defenses.

16  Notwithstanding and without waiving its objections, the Bureau responds that the 2011

17  Information Sharing MOU is publicly available on the website for the Conference of

18  State Bank Supervisors, at httvs://www.csbs.org/regulatory/Cooperative-

19  Agreements/Documents/CFPB%20CSBS%20MOU.pdf.

20      **CashCall Document Request No. 22**

21      All COMMUNICATIONS RELATING TO the 2011 INFORMATION SHARING

22  MOU and all drafts or amendments.

23      **Plaintiff's Responses and Objections**

24      The Bureau objects to this request on the grounds that it is vague, overbroad, and

25  seeks information protected by the law enforcement privilege, deliberative process

26  privilege, common interest privilege, attorney client privilege, bank examiners' privilege,

27  and the work product doctrine. The Bureau further objects to this request on the ground

28  that it seeks information that is not relevant to any party's claims or defenses.

1   Notwithstanding and without waiving its objections, the Bureau responds that the 2011

2   Information Sharing MOU is publicly available on the website for the Conference of

3   State Bank Supervisors, at https://www.csbs.org/regulatoryCooperative-

4   Agreements/Documents/CFPB%20CSBS%20MOU.pdf.

5         **CashCall Document Request No. 23**

6         Produce all drafts, amendments, and signature pages of any information sharing

7   memorandum of understanding, which the CFPB has entered into and, pursuant to which,

8   has shared information about DEFENDANTS, other than the 2011 INFORMATION

9   SHARING MOU.

10        **Plaintiff's Responses and Objections**

11        The Bureau objects to this request on the grounds that it is overbroad in that it

12  exceeds the permissible grounds for discovery, and seeks information protected by the

13  law enforcement privilege, deliberative process privilege, common interest privilege,

14  attorney client privilege, bank examiners' privilege, and the work product doctrine. The

15  Bureau further objects to this request on the ground that it seeks information that is not

16  relevant to any party's claims or defenses.

17        **CashCall Document Request No. 24**

18        All COMMUNICATIONS RELATING TO any information sharing memorandum

19  of understanding, which the CFPB has entered into and, pursuant to which, has shared

20  information about DEFENDANTS, other than the 2011 INFORMATION SHARING

21  MOU.

22        **Plaintiff's Responses and Objections**

23        The Bureau objects to this request on the grounds that it is vague overbroad in that

24  it exceeds permissible grounds for discovery, and seeks information protected by the law

25  enforcement privilege, deliberative process privilege, common interest privilege, attorney

26  client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

27  further objects to this request on the ground that it seeks information that is not relevant

28  to any party's claims or defenses.

1    **CashCall Document Request No. 25**

2        All   COMMUNICATIONS   and   DOCUMENTS   RELATING   TO   any

3 teleconference  with  STATE  AGENTS  RELATING  TO  the  ACTION  held  on

4 December 16, 2013.

5    **Plaintiff's Responses and Objections**

6        The Bureau objects to this request on the grounds that it is vague, overbroad in that

7 it exceeds permissible grounds for discovery, and seeks information protected by the law

8 enforcement privilege, deliberative process privilege, common interest privilege, attorney

9 client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

10 further objects to this request on the ground that it seeks information that is not relevant

11 to any party's claims or defenses.

12    **CashCall Document Request No. 26**

13        All   COMMUNICATIONS   and   DOCUMENTS   RELATING   TO   any

14 teleconferences  in  which  the  CFPB  participates  on  a  regularly  scheduled  basis,

15 CONCERNING tribal affiliated payday lending, small lending, or payday lending, and in

16 which DEFENDANTS were discussed or identified.

17    **Plaintiff's Responses and Objections**

18        The Bureau objects to this request on the grounds that it is vague, overbroad in that

19 it exceeds permissible grounds for discovery, and seeks information protected by the law

20 enforcement privilege, deliberative process privilege, common interest privilege, attorney

21 client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

22 further objects to this request on the ground that it seeks information that is not relevant

23 to any party's claims or defenses.

24    **CashCall Document Request No. 27**

25        All COMMUNICATIONS and DOCUMENTS RELATING TO DEFENDANTS

26 and the CSBS-CFPB Complaint Information Sharing work group.

27    **Plaintiff's Responses and Objections**

28        The Bureau objects to this request on the grounds that it is vague, overbroad in that

1  it exceeds permissible grounds for discovery, and seeks information protected by the law

2  enforcement privilege, deliberative process privilege, common interest privilege, attorney

3  client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

4  further objects to this request on the ground that it seeks information that is not relevant

5  to any party's claims or defenses.

6  **CashCall Document Request No. 28**

7  All DOCUMENTS and COMMUNICATIONS RELATING TO any "list of

8  Covered Non-Depository Entities potentially subject to examinations" under the 2013

9  FRAMEWORK that includes DEFENDANTS.

10  **Plaintiff's Responses and Objections**

11  The Bureau objects to this request on the grounds that it is vague, overbroad in that

12  it exceeds permissible grounds for discovery, and seeks information protected by the law

13  enforcement privilege, deliberative process privilege, common interest privilege, attorney

14  client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

15  further objects to this request on the ground that it seeks information that is not relevant

16  to any party's claims or defenses.

17  **CashCall Document Request No. 29**

18  All DOCUMENTS and COMMUNICATIONS RELATING TO any of the

19  DEFENDANTS and any "Supervisory Plan," including, but not limited to, the "written

20  comprehensive Supervisory Plan that covers an agreed upon supervisory period and

21  provides for an effective and efficient supervision process tailored to the institution's or

22  entity's organizational structure and risk profile," as described in the 2013

23  FRAMEWORK.

24  **Plaintiff's Responses and Objections**

25  The Bureau objects to this request on the grounds that it is vague, overbroad in that

26  it exceeds permissible grounds for discovery, and seeks information protected by the law

27  enforcement privilege, deliberative process privilege, common interest privilege,

28  attorney client privilege, bank examiners' privilege, and the work product doctrine.

27

1  The Bureau further objects to this request on the ground that it seeks information that
2  is not relevant to any party's claims or defenses.

3  **CashCall Document Request No. 30**

4  All DOCUMENTS and COMMUNICATIONS that include, or RELATE TO, any
5  proposed or actual examination schedule CONCERNING DEFENDANTS, as those
6  terms are used in the 2013 FRAMEWORK.

7  **Plaintiff's Responses and Objections**

8  The Bureau objects to this request on the grounds that it is vague, overbroad in
9  that it exceeds permissible grounds for discovery, and seeks information protected by the
10  law enforcement privilege, deliberative process privilege, common interest privilege,
11  attorney client privilege, bank examiners' privilege, and the work product doctrine. The
12  Bureau further objects to this request on the ground that it seeks information that is not
13  relevant to any party's claims or defenses.

14  **CashCall Document Request No. 31**

15  All DOCUMENTS and COMMUNICATIONS RELATING TO any of
16  DEFENDANTS and any "Independent Examination" or "Multi-State Examination,"
17  including, but not limited to, any "Concurrent Reports of Examination" or "examination
18  plan," as those terms are used in the 2013 FRAMEWORK.

19  **Plaintiff's Responses and Objections**

20  The Bureau objects to this request on the grounds that it is vague, overbroad in
21  that it exceeds permissible grounds for discovery, and seeks information protected by the
22  law enforcement privilege, deliberative process privilege, common interest privilege,
23  attorney client privilege, bank examiners' privilege, and the work product doctrine. The
24  Bureau further objects to this request on the ground that it seeks information that is not
25  relevant to any party's claims or defenses.

26  **CashCall Document Request No. 32**

27  All COMMUNICATIONS and DOCUMENTS RELATING TO DEFENDANTS
28  and the SCC.

1    **Plaintiff's Responses and Objections**

2    The Bureau objects to this request on the grounds that it is vague, overbroad in that

3    it exceeds permissible grounds for discovery, and seeks information protected by the law

4    enforcement privilege, deliberative process privilege, common interest privilege, attorney

5    client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

6    further objects to this request on the ground that it seeks information that is not relevant

7    to any party's claims or defenses.

8    **CashCall Document Request No. 47**

9    All DOCUMENTS CONCERNING the involvement, or potential involvement, of

10   any STATE AGENT in this ACTION, including COMMUNICATIONS with any

11   STATE AGENT regarding a lawsuit against DEFENDANTS or the INVESTIGATION.

12   **Plaintiff's Responses and Objections**

13   The Bureau objects to this request on the grounds that it is vague, overbroad in that

14   it exceeds permissible grounds for discovery, and seeks information protected by the law

15   enforcement privilege, deliberative process privilege, common interest privilege, attorney

16   client privilege, bank examiners' privilege, and the work product doctrine. The Bureau

17   further objects to this request on the ground that it seeks information that is not relevant

18   to any party's claims or defenses.

19   **CashCall Document Request No. 48**

20   All DOCUMENTS CONCERNING any AGREEMENT RELATING TO

21   apportionment of any damages or recovery from this ACTION.

22   **Plaintiff's Responses and Objections**

23   The Bureau objects to this request on the grounds that it is vague due to the

24   undefined phrase "apportionment of any damages" , overbroad in that it exceeds

25   permissible grounds for discovery, and seeks information protected by the law

26   enforcement privilege, deliberative process privilege, common interest privilege,

27   attorney client privilege, bank examiners' privilege, and the work product doctrine.

28   The Bureau further objects to this request on the ground that it seeks information that

1 is not relevant to any party's claims or defenses.

2 **CashCall Interrogatory No. 12**

3 IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or
4 ACTION between YOU, or any third party, and:

5 a) the State of Alaska Dept. of Commerce, Community and Economic
6 Development, Div. of Banking and Securities; the Arkansas Attorney General's Office;
7 the California Dept. of Business Oversight; the Office of the Colorado State Attorney
8 General; the Connecticut Dept. of Banking; the District of Columbia Office of the
9 Attorney General; the State of Florida, Office of Financial Regulation; the State of
10 Florida, Office of the Attorney General; the Office of the Attorney General of Georgia;
11 the State of Illinois Dept. of Financial and Professional Regulation; the Indiana Office of
12 the Attorney General; the Iowa Div. of Banking; the Office of the State Bank
13 Commissioner of Kansas; the Maryland Commissioner of Financial Regulation; the
14 Massachusetts Div. of Banks; the Massachusetts Office of the Attorney General; the State
15 of Michigan Dept. of Insurance and Financial Services; the Office of Minnesota Attorney
16 General; the Missouri Attorney General; the State of Nevada, Dept. of Business &
17 Industry, Financial Institutes Div.; the State of New Hampshire Banking Commission;
18 the New York Attorney General's Office; the North Carolina Dept. of Justice; the Oregon
19 Div. of Finance and Corporate Securities; the Oregon Dept. of Justice; the Pennsylvania
20 Dept. of Banking and Securities; the State of Vermont Office of the Attorney General;
21 the Washington State Dept. of Financial Institutions; the Office of the West Virginia
22 Attorney General; or any other "Federal and State Consumer Protection Organizations,"
23 as such terms are used on page 8 of PLAINTIFF'S INITIAL DISCLOSURES; or

24 b) any STATE AGENT; or

25 c) any FEDERAL AGENT.

26 **Plaintiff's Responses and Objections**

27 The Bureau objects to this interrogatory on the grounds that it is vague,
28 overbroad, and seeks information protected by the law enforcement privilege,

1  deliberative process privilege, common interest privilege, attorney client privilege,
2  bank examiners' privilege, and the work product doctrine.

3  **CashCall Interrogatory No. 13**

4  IDENTIFY all COMMUNICATIONS RELATING TO the INVESTIGATION or
5  ACTION between YOU, or any third party, and the FTC, to the extent they are not
6  responsive to Interrogatory No. 12.

7  **Plaintiff's Responses and Objections**

8  The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,
9  and seeks information protected by the law enforcement privilege, deliberative process
10  privilege, common interest privilege, attorney client privilege, and the work product
11  doctrine.

12  **CashCall Interrogatory No. 14**

13  IDENTIFY all COMMUNICATIONS RELATING TO efforts by the CFPB,
14  STATE AGENTS, FEDERAL AGENTS, or the Conference of State Bank Supervisors to
15  COORDINATE this ACTION with any other contemplated or existing actions,
16  enforcement proceedings, examinations, or regulatory proceedings against
17  DEFENDANTS.

18  **Plaintiff's Responses and Objections**

19  The Bureau objects to this interrogatory on the grounds that it is vague, overbroad,
20  seeks information that is not relevant to any party's claims or defenses, and seeks
21  information protected by the law enforcement privilege, deliberative process privilege,
22  common interest privilege, attorney client privilege, and the work product doctrine.

23  **CashCall Interrogatory No. 15**

24  IDENTIFY all COMMUNICATIONS between the CFPB, or any third party, and
25  any STATE AGENT RELATING TO any AGREEMENT CONCERNING
26  apportionment of any damages or recovery from this ACTION, including all material
27  facts RELATING TO any such AGREEMENT.

28

JOINT STIPULATION ADDRESSING DEFENDANTS' MOTION TO COMPEL AND FOR ORDER OVERRULING
UNSUBSTANTIATED PRIVILEGE OBJECTIONS

**Plaintiff's Responses and Objections**

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, seeks information that is not relevant to any party's claims or defenses, and seeks information protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine.

**CashCall Interrogatory No. 16**

IDENTIFY all PERSONS who participated in any teleconference with STATE AGENTS held RELATING TO the ACTION on December 16, 2013.

**Plaintiff's Responses and Objections**

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, seeks information that is not relevant to any party's claims or defenses, and seeks information protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, bank examiners' privilege, and the work product doctrine.

**WS Funding Interrogatory No. 14**

Set forth all material facts RELATING TO why WS LOANS made to borrowers in Florida and Georgia were not included in the FAC, including, but not limited to, all material facts RELATING TO why Florida and Georgia were not included as SUBJECT STATES in the FAC.

**Plaintiff's Responses and Objections**

The Bureau objects to this interrogatory on the grounds that it is vague, overbroad, seeks information that is not relevant to any party's claims or defenses; and calls for information that is protected by the law enforcement privilege, deliberative process privilege, common interest privilege, attorney client privilege, and the work product doctrine.

**A.    Defendants' Argument**

In response to CashCall's Interrogatories Nos. 12, 13, 14, 15, 16 and WS Funding's Interrogatory No. 14, and CashCall's Requests for Production Nos. 11, 12, 13,

32

14, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 47, and 48, Plaintiff asserts, in various combinations, the following privileges with no specification or elaboration: the "law enforcement privilege," the "deliberative process privilege," the "common interest privilege," the "bank examiner's privilege," the "attorney client privilege," and the "work product doctrine." As discussed below, Plaintiff has failed to make the required showings for each privilege claim, for which Plaintiff bears the burden. *See United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995) ("The burden of proof is on the party seeking to establish that the privilege applies."). Withholding information on the current record is improper as described below. Defendants request that the Court compel further responses to Plaintiff's incomplete interrogatory responses and require that Plaintiff make the required showings for information withheld pursuant to any privilege claim.

### 1.    The CFPB Has Failed To Meet The Threshold Procedural Requirements To Assert The Law Enforcement Privilege[2]

"[T]he Government cannot escape its duty to disclose documents by merely brandishing a general claim of privilege." *McGraw-Hill Cos.*, 2014 WL 1647385, at *7. A claim of the governmental privilege must be detailed and specific; a conclusory assertion of the privilege is insufficient. *See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (rejecting "blanket objection" based on government privilege), *aff'd*, 426 U.S. 394 (1976).

To assert the governmental privilege, Plaintiff "must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter." *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992). The declaration must contain:

---

[2]   The "law enforcement privilege" is also referred to as the "official information privilege," the "government privilege" the "executive privilege" or "investigatory files privilege." *See McGraw-Hill Cos., Inc.*, 2014 WL 1647385, at *5 n.2; *Deocampo v. City of Vallejo*, 2007 WL 1589541, at *4 (E.D. Cal. June 1, 2007).

(1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Id.*

Plaintiff did not submit such a sworn affidavit or declaration at the time it served its responses and objections on March 21, 2016.  On May 18, 2016, nearly two months after Plaintiff asserted its privilege claims, Plaintiff provided Defendants with the Declaration of Jeffrey P. Ehrlich in support of Plaintiff's deliberative process and law enforcement claims of privilege (the "Ehrlich Declaration").  (*See* Barloon Decl. Ex. 8.)  In addition to being nearly two months delinquent, the Ehrlich Declaration is inadequate as a matter of law.

First, as a government attorney without the requisite authority, Jeffrey Ehrlich cannot properly assert the privilege on behalf of the CFPB.  A governmental privilege may be "invoked only by the agency head after personally reviewing the documents for which the privilege is asserted."  *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal. 2009).  Alternatively, an agency head may delegate "to a high-ranking subordinate the responsibility for invoking a government privilege."  *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 657 (D. Or. 2009).  The delegation by the agency head "must be in writing."  *Id.* (describing a proper delegation order "to a highranking subordinate with *expertise in the privilege at issue* and responsibility for administering and evaluating the agency's disclosure policies but who was not directly involved in the dispute").  This requirement "was designed to deter

34

1   governmental units from too freely claiming a privilege that is not to be lightly
2   invoked . . . by assuring that some one in a position of high authority could examine the
3   materials involved from a vantage point involving both expertise and an overview-type
4   perspective." *In re McKesson*, 264 F.R.D. at 601.  Indeed, "a government attorney is
5   ***precisely who should not be asserting a government privilege***." *Chao*, 254 F.R.D. at
6   657; *see also Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 135 (noting the
7   basis for precluding government counsel from invoking the privilege "to ensure that the
8   privilege is invoked as a result of an executive decision about the exigencies of executive
9   management, rather than as a result of trial counsel's decision about a desirable litigation
10  strategy"), *modified on reconsideration*, 71 Fed. Cl. 205 (2006).  The CFPB has failed to
11  provide a written delegation order vesting Mr. Ehrlich with the authority to evaluate the
12  CFPB's privilege assertions.  Further, with respect to Mr. Ehrlich's qualifications, the
13  Ehrlich Declaration asserts only that he is "employed by the [CFPB] as a Deputy Director
14  in the Office of Enforcement" and he is "the supervisor of the trial team" in this matter.
15  There is no indication that Mr. Ehrlich has expertise in the privileges at issue.  (Barloon
16  Decl. Ex. 8.)  Instead, Mr. Ehrlich's position as the "supervisor of the trial team for the
17  CFPB" compromises his ability to provide an "overview-type perspective" necessary to
18  make objective privilege determinations on the CFPB's behalf.

19      Second, the Ehrlich Declaration does not include a statement that Ehrlich "has seen
20  and considered the contents of the documents himself; rather he claims only generalized
21  knowledge of the documents at issue." *McGraw-Hill Cos.*, 2014 WL 1647385, at *7.
22  "Therefore, the Government's formal assertion of the [governmental] privilege fails at the
23  outset." *Id.*

24      Third, the Ehrlich Declaration does not "sufficiently specify the documents over
25  which the privilege is claimed, nor does it sufficiently explain why each document or
26  category of documents falls within the scope of the privilege." *Id.*  Instead, the Ehrlich
27  Declaration references broad categories of documents, including, but not limited to,
28  "communications with state and federal law-enforcement agencies relating to

1  Defendants' activities," "civil investigative demands," and generally "[i]nternal
2  memoranda and related internal communications concerning investigative plans and
3  strategy." (Barloon Decl. Ex. 8, at 24.)  This is inadequate and neither "precisely
4  identifies the documents that are privileged" nor "fully explains why the privilege
5  attaches to those particular documents." *See McGraw-Hill Cos.*, 2014 WL 1647385 at *7.

6      Fourth, the Ehrlich Declaration does not adequately establish why disclosure of the
7  documents, subject to the protective order entered into by the parties and the Court in this
8  case, would create a substantial risk of harm to significant government or privacy
9  interests. *Id.* The Ehrlich Declaration presents a mere speculative harm: "[D]isclosure
10 of the above-described information would expose the Bureau's decision-making process
11 in such a way *that it might* discourage candid discussion within the Bureau and
12 undermine its ability to perform its responsibilities and duties." (Barloon Decl. Ex. 8, at
13 24.) Furthermore, the Ehrlich Declaration does not address how the governing protective
14 order would not serve to mitigate any harm were any such documents produced.

15     Moreover, the CFPB's reliance on vague and generalized statements alleging that
16 disclosure "would decrease the willingness of witnesses to cooperate with the Bureau for
17 fear that their communications would not be kept confidential," and "would decrease the
18 Bureau's willingness to discuss law-enforcement techniques internally and to use them
19 during investigations" (*id.*), fails to meet the requirement that Plaintiff identify "a *specific
20 identification* of the governmental or privacy interests that would be threatened by
21 disclosure of the material." *Miller*, 141 F.R.D. at 300; *see also Chism v. Cty. of San
22 Bernardino*, 159 F.R.D. 531, 534-35 (C.D. Cal. 1994) ("A general assertion that a police
23 department's internal investigatory system would be harmed by disclosure of the
24 documents is insufficient" to meet threshold test for invoking the governmental
25 privilege.); *Rodriguez v. City of Fresno*, No. F 09-CV-1176 AWI MJS, 2010 WL
26 5059644, at *7 (E.D. Cal. Dec. 6, 2010) (rejecting declarations with "essentially
27 boilerplate assertions of governmental privilege that make blanket conclusory allegations
28 as to the existence of substantial governmental or privacy interests"); *Myles v. Cty. of San*

36

1  *Diego*, No. 15-cv-1985-BEN (BLM), 2016 WL 2343914, at *6 (S.D. Cal. May 4, 2016)

2  (rejecting declaration asserting that disclosure was "likely to discourage persons with

3  relevant information from providing candid statements and assessments" and that

4  government employees "may be less forthcoming," "which would negatively affect the

5  overall functioning of the Sheriff's Department").

6       As this Court has held, a declaration like the Ehrlich Declaration is inadequate if

7  "it fails to establish any nexus between the documents in question and the purported

8  reasons for nondisclosure." *Chism*, 159 F.R.D at 534. The Ehrlich Declaration does not

9  present any "indication that the documents contain" information that reflect the CFPB's

10 "decision-making process" or that they would affect "the willingness of witnesses." *Cal.*

11 *Native Plant Soc'y*, 251 F.R.D. at 408. Indeed, it is impossible to assess, given Plaintiff's

12 inadequate showing, whether disclosure of "internal memoranda," "civil investigative

13 demands," communications with other agencies, and other unidentified "internal

14 communications" could have any plausible impact on future witnesses' conduct.

15      Plaintiff has plainly failed to meet the above procedural requirements, which are

16 necessary to claim the privilege and to allow Defendants the opportunity to challenge the

17 privilege assertion. *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993).

18 Moreover, the threshold showing was required at the time of service, on March 21, 2016,

19 and it has been over sixty days since Defendants initiated a meet and confer to address

20 the deficiencies. (Barloon Decl. Ex. 2, at 9 (citing *Miller*, 141 F.R.D. at 300).)

21      The law is clear in this Court that failure to meet the threshold requirements to

22 support governmental privilege assertions results in overruling of that privilege assertion

23 and disclosure of any information withheld on that basis. *See Miller*, 141 F.R.D. at 301

24 ("[S]hould the threshold requirements not appear in the papers, the privilege assertion

25 will be overruled in its entirety and complete disclosure will be ordered."); *Ramirez v.*

26 *Cty. of Los Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005) ("Defendants never submitted

27 a declaration from a responsible official within the agency who has personal knowledge

28 of the principal matter, and they submitted their privilege log only after plaintiff initiated

37

the meet-and-confer process.   As the *Miller* court stated, 'should the threshold requirements not appear in the papers, the privilege assertion will be overruled in its entirety and complete disclosure will be ordered.'"); *cf. Myles v. Cty. of San Diego*, No. 15-cv-1985-BEN (BLM), 2016 WL 2343914, at *6 (S.D. Cal. May 4, 2016) (overruling objections based on official information privilege where agencies failed to meet their threshold burden to invoke the privilege and ordering disclosure of documents). Accordingly, Defendants request that the Court overrule Plaintiff's deficient privilege assertion and compel the production of any information or documents that Plaintiff is withholding on that basis.

### 2.   The CFPB Has Failed To Meet The Threshold Procedural Requirements To Assert The Deliberative Process Privilege

The deliberative process privilege is "a sub-category of the executive or governmental privilege." *J.R. Norton Co. v. Arizmendi*, 108 F.R.D. 647, 648 (S.D. Cal. 1985); *see also Pac. Gas*, 70 Fed. Cl. at 133 n.6 ("[T]he deliberative process privilege is but one of several privileges that generally fall within the scope of the more general 'executive privilege.'").   Like the governmental privilege, any assertion of the deliberative process privilege must be detailed and specific; a conclusory assertion of the privilege is insufficient.   *In re McKesson*, 264 F.R.D. at 599 (rejecting blanket assertion of deliberative process privilege); *McGraw-Hill Cos.*, 2014 WL 1647385, at *6 ("The governmental privilege must be formally asserted and delineated in order to be raised properly.").   Thus, an agency asserting the deliberative process privilege must also submit, upon serving responses to discovery, an affidavit "from the head of the department which has control over the matter," with the information detailed *supra*.   *See Miller*, 141 F.R.D. at 300.

Additionally, "[a]n agency must show that a document is both pre-decisional and deliberative in order to qualify for the deliberative process privilege." *Cal. Native Plant Soc'y v. U.S. Envtl. Prot. Agency*, 251 F.R.D. 408, 411 (N.D. Cal. 2008).   "A document is 'pre-decisional' if it predates a decision and was prepared to assist in making the decision.

1  A document is 'deliberative' if it exposes personal opinions such that releasing the
2  document would expose an agency's decision-making process in such a way as to
3  discourage candid discussion within the agency and thereby undermine the agency's
4  ability to perform its functions." *Id.*

5       The Ehrlich Declaration, discussed *supra*, fails to provide Defendants with enough
6  specificity to determine whether the withheld documents are both pre-decisional and
7  deliberative. The Ehrlich Declaration contains only a general, conclusory statement that
8  is inadequate to establish the prerequisites of the deliberative process privilege: "All of
9  the records being withheld pursuant to the deliberative-process privilege are pre-
10 decisional—i.e., antecedent to a final agency decision concerning the Bureau's
11 investigation of issues relating to the allegations in the Complaint." (Barloon Decl. Ex. 9.)

12      Upon review of declarations containing very similar language to that of the Ehrlich
13 Declaration, the court in *Pacific Gas* held that the defendant in that case "failed to
14 provide 'precise and specific reasons' for maintaining the confidentiality of the
15 documents requested by plaintiff" and rebuked the defendant's affidavits for "provid[ing]
16 'merely a paraphrase for the rationale of the deliberative-process privilege described in
17 case law.'"[3] 70 Fed. Cl. at 142. There, the court determined that "such vague, general
18 and conclusory statements – all purporting to apply to many documents but unconnected
19 to any particular document – fail to meet the requirement that defendant supply the court
20 with precise and certain reasons for maintaining the confidentiality of the requested
21 document[s]." *Id.* at 140. The same imprecise and conclusory statements exist here.

22

23 [3] In *Pacific Gas*, the declarations included variations of the following language: "I have
   reviewed the contents of the three [DOE Office of Inspector General (OIG)] documents.
24 I have determined that disclosure of any of the deliberative process contents of these OIG
   documents would impair the OIG's operations by interfering with the flow of
25 predecisional communications within the OIG and the agency. If these types of
   documents were considered releasable, there could be a 'chilling effect' on the give-and-
26 take necessary for the audit review and analysis process. It is in the public interest to
   ensure that thought processes, opinions and recommendations are expressed openly
27 within the agency. I have concluded that disclosure of the documents discussed in this
   declaration would be injurious to the audit process and the operations of the OIG." *Id.* at
28 140.

Defendants request that the Court overrule Plaintiff's deficient privilege assertion and compel the production of documents that Plaintiff is withholding.  *See Miller*, 141 F.R.D. at 301 (where the "threshold requirements do not appear in the papers . . . the privilege assertion [should] be overruled in its entirety and complete disclosure [should] be ordered."); *Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005) (overruling privilege assertion and ordering complete disclosure of documents where the *Miller* procedural requirements of the privilege were not met).

### 3.    The CFPB Has Not Substantiated Its Assertion Of The Bank Examiner's Privilege

"Stated broadly, the bank examination privilege is a qualified privilege that protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks."  *Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013).  The bank examination privilege is intended to protect and promote candid relations between banks and government regulatory agencies.  *See In re Subpoena Served Upon Comptroller of Currency, & Sec'y of Bd. of Governors of Fed. Reserve Sys.*, 967 F.2d 630, 633-34 (D.C. Cir. 1992).  It has been described as a part of the privilege for "official information" or of the "deliberative process privilege."  *Id.* at 633; *see also Delozier v. First Nat'l Bank of Gatlinburg*, 113 F.R.D. 522, 525 (E.D. Tenn. 1986).  As such, Plaintiff must submit the requisite declaration in order to invoke this privilege.  *See Miller*, 141 F.R.D. at 300.

Plaintiff did not submit such a sworn affidavit or declaration at the time it served its responses and objections, and the Ehrlich Declaration does not address the bank examination privilege.  In Plaintiff's May 18, 2016 letter, Plaintiff's counsel states that its production of NMLS files "moots any privilege issue with respect to those documents."  (*See* Barloon Decl., Ex. 7 at 21.)  It remains unclear whether Plaintiff has withdrawn or intends to withdraw its assertion of the bank examiner's privilege.  To the extent that Plaintiff still asserts this privilege, we request that the Court overrule Plaintiff's deficient privilege assertion and compel the production of documents that Plaintiff is withholding.

1  Any documents that are not communications between a bank and the agency, and factual

2  matters, must also be produced forthwith.

3      **4.      The CFPB Has Not Substantiated Its Assertion Of The Common Interest Privilege, Attorney Client Privilege, and Work Product Doctrine**

4

5      For documents withheld pursuant to the attorney-client privilege or work product

6  doctrine, Defendants request that the Court compel Plaintiff to produce a log that

7  identifies 1) the attorney and client involved; 2) the nature of the document (e.g., email,

8  letter, memorandum); 3) all persons or entities shown on the document to have received

9  or sent the document; 4) all persons or entities known to have been furnished the

10  document or informed of its substance; 5) the date the document was generated, prepared,

11  or dated; and 6) information on the subject matter of the document.  *See In re Grand Jury*

12  *Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992); *Dole v. Milonas*, 889 F.2d 885, 888

13  n.3 (9th Cir. 1989).

14      Regarding the common interest privilege, "a shared desire to see the same outcome

15  in a legal matter is insufficient to bring a communication between two parties within this

16  exception.   Instead, the parties must make the communication in pursuit of a joint

17  strategy in accordance with some form of agreement."  *Pac. Pictures Corp. v. D.C.*

18  *Comics* (*In re Pac. Pictures Corp.*), 679 F.3d 1121, 1129 (9th Cir. 2012).   Defendants

19  request that the Court compel Plaintiff to produce a log sufficient to show 1) the privilege

20  that serves as the basis of the claim, with the details necessary to make a *prima facie*

21  showing of that privilege, as described above; 2) that the information was shared in the

22  course of a matter of joint strategy; and 3) that the information was shared in furtherance

23  of that strategy.

24      **5.      Defendants' Attempts To Resolve The Discovery Dispute**

25      To resolve the above-stated issues, Defendant sent the CFPB a letter on

26  April 6, 2016 requesting that the CFPB provide Defendants with the proper privilege

27  certifications and logs.  (*See* Barloon Decl., Ex. 2 at 10.)  On April 20, 2016, counsel for

28  the CFPB advised that we would receive them during, or soon after, the week beginning

1  April 25, 2016.  (Barloon Decl. Ex. 3.)  On April 27, 2016, counsel for the CFPB stated

2  that they "expect[ed] that the applicable certifications will follow in the next few days."

3  (*Id.* Ex. 10.)  During a May 5, 2016 meet and confer call, counsel for Defendants asked

4  about the status of the CFPB's declaration and logs supporting its privilege assertions and

5  counsel for the CFPB stated that Defendants would receive them by May 10, 2010.

6  (Barloon Decl., ¶ 11, Ex. 12.)  On May 13, 2016, having still not received any response,

7  counsel for Defendants wrote to request them again.   (Barloon Decl., Ex. 12.)   On

8  May 16, 2016, counsel for the CFPB provided the Ehrlich Declaration.   Due to the

9  magnitude of deficiencies in the Ehrlich Declaration, and the CFPB's pattern of undue

10  delay providing proper substantiation of its privilege assertions, counsel for Defendants

11  determined that the parties were unable to resolve this issue without Court involvement

12  before the close of discovery on July 25, 2016.

13         **B.     Plaintiff's Argument**

14              **1.     CashCall's Discovery Infringes On Attorney Work Product**

15         The Court should uphold the CFPB's work product objection to this discovery.

16  Every one of the numerous interrogatories and document requests at issue is designed

17  specifically to pull back the curtain on the CFPB's litigation and pre-litigation strategy.

18  Specifically,   document   requests   and   interrogatories   relating   to   the   CFPB's

19  communications with state law enforcement and federal agencies about the investigation

20  and litigation of this case, communications sharing information about this case, potential

21  settlement strategy in this or other cases, or drafts of information-sharing agreements

22  with other law enforcement agencies, are intended only to elicit attorney-driven strategies

23  made in anticipation of, or during litigation.   It is self-evident that these types of

24  documents and communications are covered by the attorney work-product privilege.

25  Specific interrogatories about why the CFPB did not include certain claims in its

26  complaint are, without question, covered by the attorney work-product privilege.

27  CashCall's interrogatory seeking information about who participated in any tele-

28  conference relating to this litigation that took place on December 16, 2013, is similarly

1   objectionable.  The Court should find that these discovery requests (all of the document

2   requests and interrogatories listed by CashCall in this stipulation), which seek only work-

3   product, are objectionable in their entirety and require no response.

4               **2.      CashCall's Requests For Examination Strategy Are Irrelevant**

5               CashCall directed a number of its document requests toward supervisory strategies

6   in general, such as lists of "non-depository entities potentially subject to examinations,"

7   or supervisory plans, or schedules for examinations of defendants, or various other

8   documents about examination strategy.  These documents are irrelevant to any claims or

9   defenses in this action, and are intended only to fish for examination strategies that do not

10  necessarily even involve the defendants.  Discovery under Rule 26 is liberal, but not so

11  liberal as to include information that has no relevance to any party's claims or defenses,

12  and that cannot resolve any issue in the case.  Fed. R. Civ. P. 26(b)(1).  The Court should

13  find that Document Production Request Nos. 21 through 32, and Document Production

14  Request No. 48, are objectionable because they seek information that is irrelevant under

15  Rule 26.

16              **3.      CashCall's Discovery Is Overbroad And Unduly Burdensome**

17              The document requests and interrogatories at issue are objectionably overbroad

18  and unduly burdensome, to the extent they request "all documents and communications"

19  with numerous state agencies (Document Request No. 11; Interrogatory No. 12), any

20  state or federal agent or agency (Document Request Nos. 12, 13, 14, 16, 17, 32, 47;

21  Interrogatory Nos. 13, 14, 15), or anyone else (Document Request Nos. 19, 20), without

22  time limitation, that relate to defendants or this case.  These discovery requests suffer

23  from the same infirmities as the interrogatories discussed earlier: they encompass a

24  potentially unlimited number of communications among numerous parties in large

25  organizations, covering an unlimited time period and a broad sweep of subject matter.

26  Notwithstanding the other objections set forth here, the Court should find this discovery

27  objectionably overbroad and unduly burdensome.

28

### 4.   The CFPB Properly Supported Its Governmental Privileges

CashCall complains that the CFPB did not support its claim of the deliberative process and law enforcement privileges with sufficient specificity.  But CashCall's claim rests on a Catch-22: CashCall has asked for a broad swath of material subject to this privilege and the attorney work-product privilege, but has demanded the most specific possible responses to support the CFPB's privilege assertion.  If this case involved a proper discovery request for discoverable information, and the request also covered some documents covered by the deliberative process privilege, then the CFPB could respond with a declaration from a CFPB official that described the specific documents at issue.  A case that CashCall cites, *Kerr v. U.S. District Court for the Northern District of California*, 511 F.2d 192, 196 (9th Cir. 1975), provides an example of this typical case. A party requests specific files, in that case certain personnel files, and the responding party provides a declaration that specifically invokes the governmental privilege.  *Id.* Here, however, CashCall's requests are objectionably broad at the outset, and seek solely information that is governed by the attorney work-product and governmental privileges. The CFPB cannot provide a comprehensive, specific, description of each document and communication covered by the privilege for the same reason that it cannot answer the requests: they are too broad, and encompass a scope of information that is undefined.

CashCall has served a set of broad, improper discovery requests, and has rested its motion on the CFPB's failure to object with sufficient specificity.  In a word, this is unfair.  The Court should find that CashCall's discovery is objectionable because it is overbroad, unduly burdensome, and infringes upon attorney work-product.  If the Court reaches the deliberative-process issue, then it should find that the CFPB's response was commensurate with the generality of CashCall's requests.

### 5.   The CFPB Is Not Asserting The Bank Examiner's Privilege

CashCall complains that the CFPB has not properly supported a bank examiner's privilege claim.  But as the CFPB informed CashCall in previous correspondence, it is no longer asserting this claim.

### 6.     Neither Party Has Produced A Privilege Log

CashCall notes that the CFPB has not produced a privilege log.  However, the CFPB informed CashCall that it intended to produce a privilege log on a rolling basis, and that it is still awaiting permission from various state agencies concerning whether they intend to assert privileges regarding investigative documents that they have shared with the CFPB.  Barloon Decl., Exhibit 3; Martikan Decl., ¶5.  At the same time, CashCall has not produced a privilege log, despite having produced over 9.8 million documents to date.  The CFPB intends to produce a privilege log on a rolling basis, as it expects CashCall to do, and to produce responsive, non-privileged documents from other law enforcement agencies once it has received confirmation from state and other federal agencies about their privilege claims.  Barloon Decl., Exhibit 3; Martikan Decl., ¶5.

### 7.     The Parties' Attempts To Resolve This Dispute

The CFPB provided the Ehrlich Declaration to CashCall on May 16, 2016, in response to CashCall's May 13, 2016, letter regarding this and other discovery issues.  CashCall made no attempt to meet and confer after receiving the Ehrlich Declaration, and instead filed this motion.  Martikan Decl., ¶6.

DATED: June 14, 2016          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By: _____*/s/ Thomas J. Nolan*_____
                                    Thomas J. Nolan
                *Attorneys for Defendants CashCall, Inc.,
                WS Funding, LLC, Delbert Services Corporation,
                and J. Paul Reddam*

                *The filer, Thomas J. Nolan, attests that the other
                signatory listed, on whose behalf this filing is
                submitted, concurs in the filing's content and has
                authorized the filing*

JOINT STIPULATION ADDRESSING DEFENDANTS' MOTION TO COMPEL AND FOR ORDER OVERRULING UNSUBSTANTIATED PRIVILEGE OBJECTIONS

1   DATED: June 14, 2016          CONSUMER FINANCIAL PROTECTION
                                  BUREAU
2

3

4                                 By:  _____ */s/ Owen P. Martikan* _____
                                            Owen P. Martikan
5                                   *Attorneys for Plaintiff Consumer Financial*
                                         *Protection Bureau*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION ADDRESSING DEFENDANTS' MOTION TO COMPEL AND FOR ORDER OVERRULING
UNSUBSTANTIATED PRIVILEGE OBJECTIONS