THOMAS J. NOLAN (State Bar No. 66992)
Thomas.Nolan@skadden.com
CAROLINE VAN NESS (State Bar No. 281675)
Caroline.VanNess@skadden.com
KASONNI M. SCALES (State Bar No. 301871)
Kasonni.Scales@skadden.com
JULIA M. NAHIGIAN (State Bar No. 307508)
Julia.Nahigian@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600


JOSEPH L. BARLOON (Admitted *Pro Hac Vice*)
Joseph.Barloon@skadden.com
AUSTIN K. BROWN (Admitted *Pro Hac Vice*)
Austin.Brown@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760


Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Plaintiff,<br><br>  v.<br><br>CASHCALL, INC., WS FUNDING, LLC, DELBERT SERVICES CORPORATION, and J. PAUL REDDAM,<br><br>    Defendants. | CASE NO.: 2:15-cv-07522-JFW (RAOx)<br><br>(1) DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;<br><br>(2) DECLARATION OF JULIA M. NAHIGIAN IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (filed under separate cover); and<br><br>(3) [PROPOSED] ORDER [lodged under separate cover].<br><br>Hearing Date: August 1, 2016<br>Time:    1:30 p.m.<br>Place:   Courtroom 16<br>Judge:   Hon. John F. Walter<br><br>Pre-Trial Conf.: September 9, 2016<br>Trial:    September 27, 2016 |

---

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendants CashCall, Inc., WS Funding, LLC, Delbert Services Corporation, and J. Paul Reddam (collectively, "Defendants") hereby respectfully request that the Court take judicial notice of the following exhibits, attached to the concurrently filed Declaration of Julia M. Nahigian in support of Defendants' Request for Judicial Notice ("Nahigian Declaration"):

1.     Exhibit 54: A true and correct copy of an excerpt from the U.S. Department of the Interior, Bureau of Indian Affairs, 2005 American Indian Population and Labor Force Report 8 (2005).

2.     Exhibit 55: A true and correct copy of the U.S. Department of Labor, Bureau of Labor Statistics, State and Regional Unemployment, 2005 Annual Averages (2005).

3.     Exhibit 56: A true and correct copy of an excerpt from the U.S. Department of the Interior, Office of the Assistant Secretary – Indian Affairs, 2013 American Indian Population and Labor Force Report 41 (2014).

4.     Exhibit 57: A true and correct copy of the U.S. Department of Labor, Bureau of Statistics, Local Area Unemployment Statistics, South Dakota.

5.     Exhibit 58: A true and correct copy of the U.S. Census Bureau, QuickFacts, Ziebach County, South Dakota.

6.     Exhibit 59: A true and correct copy of the National Center for Children in Poverty's demographic research titled "South Dakota Demographics of Poor Children," http://www.nccp.org/profiles/state_profile.php?state=SD&id=7 (last visited June 29, 2016).

7.     Exhibit 60: A true and correct copy of the U.S. Census Bureau, 2006-2010 American Community Survey Selected Economic Characteristics.

8.     <u>Exhibit 61</u>: A true and correct copy of the U.S. Census Bureau, Selected Social Characteristics in the United States, 2008-2012 American Community Survey, Ziebach County, South Dakota.

9.     <u>Exhibit 62</u>: A true and correct copy of an excerpt from the Consumer Financial Protection Bureau Supervision and Examination Manual, Version 2 (2012).

10.     <u>Exhibit 63</u>: A true and correct copy of the Consumer Financial Protection Bureau Bulletin 2013-07.

11.     <u>Exhibit 64</u>: A true and correct copy of Claudia Callaway's professional resume downloaded from Katten Muchin Rosenman LLP's ("Katten") website at http://www.kattenlaw.com/files/147329_Callaway.Claudia.pdf          (last          visited June 29, 2016).

12.     <u>Exhibit 65</u>: A true and correct copy of a press release dated July 22, 2009 from Katten Muchin Rosenman LLP's website, titled "Katten Adds Claudia    Callaway    as    Partner    in    Washington    Litigation    Practice," https://www.kattenlaw.com/mobilesite/shownews.aspx?Show=5952    (last    visited June 29, 2016).


DATED:  June 30, 2016   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ */s/ Thomas J. Nolan* _____
Thomas J. Nolan
*Attorneys for Defendants CashCall, Inc., WS Funding, LLC, Delbert Services Corporation, and J. Paul Reddam*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Cases**                                                                    **page(s)**

*Ang v. Bimbo Bakeries USA, Inc.*,
   Case No. 13–cv–01196–WHO,
   2013 WL 5407039 (N.D. Cal. Sept. 25, 3013)...................................................2

*Boyd v. Bank of America Corp.*,
   109 F. Supp. 3d 1273 (C.D. Cal. 2015).........................................................2

*Cruz v. Anheuser-Busch, LLC*,
   No. CV 14-09670 AB (ASx),
   2015 WL 3561536 (C.D. Cal. June 3, 2015)................................................4

*Deirmenjian v. Deutsche Bank, A.G.*,
   No. CV 06-00774 MMM (CWx),
   2006 WL 4749756 (C.D. Cal. Sept. 25, 2006)............................................4

*Gonzales v. Marriott International, Inc.*,
   142 F. Supp. 3d 961 (C.D. Cal. 2015)..........................................................2

*Herrera v. CarMax Auto Superstores California, LLC*,
   No. CV-14-776-MWF VBKX,
   2014 WL 3398363 (C.D. Cal. July 2, 2014) ...............................................4

*Independent Living Center of Southern California  v. City of Los Angeles*,
   973 F. Supp. 2d 1139 (C.D. Cal. 2013).........................................................3

*Jamul Action Comm. v. Stevens*,
   No. 2:13-CV-01920-KJM,
   2014 WL 3853148 (E.D. Cal. Aug. 5, 2014) ...............................................3

*Lyon v. Gila River Indian Community*,
   626 F.3d 1059 (9th Cir. 2010)........................................................................2

*Matthews v. National Football League Management Council*,
   688 F.3d 1107 (9th Cir. 2012).......................................................................3

*O'Toole v. Northrop Grumman Corp.*,
   499 F.3d 1218 (10th Cir. 2007).....................................................................4

*Protect Lake Pleasant, LLC v. McDonald*,
   609 F. Supp. 2d 895 (D. Ariz. 2009)............................................................3

*Trundle v. Astrue*,
   No. 09-CV-02058-JLT, 2010 WL 5421418 (E.D. Cal. Dec. 20, 2010),
   *aff'd sub nom. Trundle v. Commissioner of Social Security
   Administration*, 484 F. App'x 94 (9th Cir. 2012)*, as amended on denial
   of reh'g and reh'g en banc* (Aug. 16, 2012) ...............................................3

i

*United States v. Dreyer*,
    767 F.3d 826 (9th Cir. 2014), *reh'g en banc granted*, 782 F.3d 416 (9th
    Cir. 2015), *and on reh'g en banc on other grounds*, 804 F.3d 1266 (9th
    Cir. 2015)...................................................................................................3

*United States v. Esquivel*,
    88 F.3d 722 (9th Cir. 1996) ......................................................................3

*Wible v. Aetna Life Ins. Co.*,
    375 F. Supp. 2d 956 (C.D. Cal. 2005) .......................................................4

*Woodfin Suite Hotels, LLC v. City of Emeryville*,
    No. C 06-1254 SBA, 2007 WL 81911 (N.D. Cal. Jan. 9, 2007).....................3

**Rules**

Fed. R. Evid. 201 ...............................................................................................2

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION FOR SUMMARY JUDGMENT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully request that the Court take judicial notice of and consider the following exhibits attached to the Nahigian Declaration:

- Exhibit 54, an excerpt from the U.S. Department of the Interior, Bureau of Indian Affairs, 2005 American Indian Population and Labor Force Report 8 (2005);

- Exhibit 55, the U.S. Department of Labor, Bureau of Labor Statistics, State and Regional Unemployment, 2005 Annual Averages (2005);

- Exhibit 56, an excerpt from the U.S. Department of the Interior, Office of the Assistant Secretary – Indian Affairs, 2013 American Indian Population and Labor Force Report 41 (2014);

- Exhibit 57, the U.S. Department of Labor, Bureau of Statistics, Local Area Unemployment Statistics, South Dakota;

- Exhibit 58, the U.S. Census Bureau, QuickFacts, Ziebach County, South Dakota;

- Exhibit 59, the National Center for Children in Poverty's demographic research titled "South Dakota Demographics of Poor Children";

- Exhibit 60, the U.S. Census Bureau, 2006-2010 American Community Survey Selected Economic Characteristics;

- Exhibit 61, the U.S. Census Bureau, Selected Social Characteristics in the United States, 2008-2012 American Community Survey, Ziebach County, South Dakota;

- Exhibit 62, an excerpt from the Consumer Financial Protection Bureau Supervision and Examination Manual, Version 2 (2012);

- Exhibit 63, the Consumer Financial Protection Bureau Bulletin 2013-07;

- Exhibit 64, Claudia Callaway's professional resume from Katten Muchin Rosenman LLP's ("Katten") website; and

- Exhibit 65, a press release dated July 22, 2009 from Katten's website, titled "Katten Adds Claudia Callaway as Partner in Washington Litigation Practice."

Defendants request judicial notice of these documents in support of Defendants' Motion for Summary Judgment.

## ARGUMENT

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts that are subject to judicial notice may be considered on a motion for summary judgment. *See Boyd v. Bank of Am. Corp.*, 109 F. Supp. 3d 1273, 1280 n.2 (C.D. Cal. 2015); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). When the court is supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010) (holding district court erred in refusing to take judicial notice of official action by Bureau of Indian Affairs).

Courts regularly take judicial notice of records and reports of administrative bodies. *See Ang v. Bimbo Bakeries USA, Inc.*, 2013 WL 5407039, at *9 n.10 (N.D. Cal. Sept. 25, 2013) ("Under Federal Rule of Evidence 201, the Court may take judicial notice of agency materials."); *Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 968 (C.D. Cal. 2015) ("Judicial notice is appropriate for records and 'reports of administrative bodies.'") (internal alterations omitted). Specifically, courts take judicial notice of materials produced by the United States Department of the

1  Interior,[1] United States Department of Labor,[2] and the United States Census Bureau,[3]

2  as they are sources whose accuracy cannot reasonably be questioned.

3  The Court may likewise take judicial notice of the contents of the CFPB's

4  Supervision and Examination Manual and Bulletin 2013-07, as courts within the

5  Ninth Circuit consistently take judicial notice of agency manuals and other materials.

6  *See, e.g.*, *Indep. Living Ctr. of S. Cal. v. City of Los Angeles*, 973 F. Supp. 2d 1139,

7  1155 n.14 (C.D. Cal. 2013) (taking judicial notice, *sua sponte*, of three Department

8  of Housing and Urban Development manuals); *Protect Lake Pleasant, LLC v.*

9  *McDonald*, 609 F. Supp. 2d 895, 922 n.13 (D. Ariz. 2009) (taking judicial notice of

10  federal agency website and its statements about agency manual).

11  Additionally, the Court may take judicial notice of the demographic research

12  from the National Center for Children in Poverty titled "South Dakota Demographics

13  of Poor Children." Courts routinely take judicial notice of factual information found

14  on the World Wide Web from sources whose accuracy cannot reasonably be

15  questioned. *See Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107,

16  1113 & n.5 (9th Cir. 2012) (taking judicial notice of relevant statistics available on

17  

18  _____

[1] *See Jamul Action Comm. v. Stevens*, 2014 WL 3853148, at *7 (E.D. Cal. Aug. 5,
19  2014) ("With regard to the Department of Interior documents . . . these documents
are 'capable of accurate and ready determination by resort to sources whose accuracy
20  cannot reasonably be questioned.'")

21  [2] *See Trundle v. Astrue*, 2010 WL 5421418, at *11 n.10 (E.D. Cal. Dec. 20, 2010)
("The United States Department of Labor, Bureau of Labor Statistics, is a source
22  whose accuracy cannot reasonably be questioned."); *Woodfin Suite Hotels, LLC v.*
*City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (taking judicial
23  notice of United States Department of Labor's Bureau of Labor Statistics as
"government publications, whose accuracy is not in question")

24  [3] *See United States v. Dreyer*, 767 F.3d 826, 834 n.12 (9th Cir. 2014) ("We may
25  properly take judicial notice of United States Census Bureau data, as such data 'can
be accurately and readily determined from sources whose accuracy cannot
26  reasonably be questioned.'"); *United States v. Esquivel*, 88 F.3d 722, 726-27 (9th
Cir. 1996) (census data is "'not subject to reasonable dispute' because they are
27  'capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned.'").

28

the National Football League's website); *Herrera v. CarMax Auto Superstores Cal., LLC*, 2014 WL 3398363, at *2 (C.D. Cal. July 2, 2014) ("It is not uncommon for courts to take judicial notice of factual information found on the World Wide Web.") (quoting *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)); *Deirmenjian v. Deutsche Bank, A.G.*, 2006 WL 4749756, at *16 (C.D. Cal. Sept. 25, 2006) (taking judicial notice of Federal Court Management Statistics on U.S. Court's website).

Finally, the Court may take judicial notice of Claudia Callaway's professional resume and Katten's press release titled "Katten Adds Claudia Callaway as Partner in Washington Litigation Practice," which are both located on Katten's website. Courts routinely take judicial notice of websites and their contents. *See Herrera*, 2014 WL 3398363, at *2 (taking judicial notice of letter appearing on Securities and Exchange Commission website); *Cruz v. Anheuser-Busch, LLC*, 2015 WL 3561536, at *8 & n.13 (C.D. Cal. June 3, 2015) ("Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the information readily available on these [beverage] products' homepages."); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (taking judicial notice of information on Amazon and other publically accessible websites).

Accordingly, all twelve Exhibits to the Nahigian Declaration are properly the subject of judicial notice and may be considered by this Court.

DATED: June 30, 2016      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
*Attorneys for Defendants*

4