OWEN P. MARTIKAN (CA Bar #177104)
owen.martikan@cfpb.gov
CHRISTINA S. COLL (CA Bar #250712)
christina.coll@cfpb.gov
LEANNE E. HARTMANN (CA Bar # 264787)
leanne.hartmann@cfpb.gov
BARRY E. REIFERSON (NY Bar #4343893)
barry.reiferson@cfpb.gov
Admitted *pro hac vice*
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552
Telephone: (415) 844-9790
Facsimile: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>Plaintiff,<br>v.<br>CASHCALL, INC., WS FUNDING, LLC, DELBERT SERVICES CORPORATION, and J. PAUL REDDAM,<br>Defendants. | CASE NO.: 2:15-cv-07522-JFW (RAOx)<br><br>**MEMORANDUM OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**<br><br>Date: August 1, 2016<br>Time: 1:30pm<br>Court: Hon. John F. Walter<br>Courtroom 16 |

Plaintiff CFPB hereby submits its evidentiary objections to Defendants' Statement of Undisputed Facts [DE 140].

Defendants' Undisputed Fact No. 8. This statement of the duration of Claudia Callaway's advisory role and prior employment is neither relevant nor admissible under Federal Rules of Evidence ("FRE") 401 and 402.

Defendants' Undisputed Fact No. 9. This statement of Claudia Callaway's commencement of employment with Katten Muchin Rosenman is neither relevant nor admissible under FRE 401 and 402. The reference to a law firm website is inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 10. This statement of Claudia Callaway's practice is neither relevant nor admissible under FRE 401 and 402. The reference to a law firm website is inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 11. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 12. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 13. This statement of Claudia Callaway's current biographical statement on Katten's website is neither relevant nor admissible under FRE 401 and 402. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice. The reference to a law firm website is inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 14. This statement of Claudia Callaway's prior representation of nonparties is neither relevant nor admissible under FRE 401 and 402. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice. The reference to a law firm website is also inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 21. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall's in-house counsel is a second level of hearsay. The statement is also irrelevant, as any statement relating to the legal status of loans originated by a tribal lender is not relevant to this case where the Subject Loans were not originated by a tribal lender. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 22. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall's in-house counsel and CashCall itself each constitute a second level of hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 24. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall is a second level of hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 25. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall is a second level of hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 29. Objection to statement "same tribal model advocated by Katten." The statement is vague, and the supporting evidence does not support that proposition. It is not clear what the tribal model was that Katten purportedly advocated, nor is it clear how Webb's prior lending arrangements worked. Additional objection based on FRE 802 because alleged statement by counsel is hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 30. Objection to statement "same tribal model advocated by Katten." The fact is vague, and the supporting evidence does not support that proposition. It is not clear what the tribal model was that Katten advocated, nor is it clear how Webb's prior lending arrangements worked. Additional objection based on FRE 802 because alleged statement by counsel is hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 32. Objection based on FRE 106 because Defendants fail to submit other writings and official determinations of the CRST, including determinations of Tribal-Council resolutions requested by Western Sky, which in fairness ought to be considered.

Defendants' Undisputed Fact No. 33. This statement of Webb's legal representation is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 45. Objection based on relevance – unemployment figures on the Cheyenne River Sioux Reservation do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 46. Objection based on relevance – unemployment figures on the Cheyenne River Sioux Reservation do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 47. Objection based on relevance – employment figures of the state of South Dakota do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 48. Objection based on relevance – poverty statistics of a county in South Dakota do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 49. Objection based on relevance – rates of child poverty in the state of South Dakota do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402. Additionally, the "National Center for Children in Poverty" statistics are inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 50. Objection based on relevance – income statistics for American Indians in a county in South Dakota do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 51. Objection based on relevance – rate of CRST members that obtain higher education degrees does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b).

Defendants' Undisputed Fact No. 53. Objection based on FRE 802 because alleged recorded statement is hearsay; restatement by CashCall's general counsel is a

second level of hearsay. Additional objection based on FRE 602 because declarant lacks personal knowledge.

Defendants' Undisputed Fact No. 64. Objection based on relevance – how Webb construed the agreement between Western Sky and CashCall does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402. (Specifically, contract principles would apply to determine any dispute over the agreement, which is clear.)

Defendants' Undisputed Fact No. 81. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall's in-house counsel and Reddam each constitute a second level of hearsay. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 82. Objection based on FRE 802 because alleged statement by counsel is hearsay; restatement by CashCall's in-house counsel and Reddam each constitute a second level of hearsay. The statement is also objected to on relevance grounds, as any statement relating to the legal status of loans originated by a tribal lender is not relevant to this case where the Subject Loans were not originated by a tribal lender. Additionally, to the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 83. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional

objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 84. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 85. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 86. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 87. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional

objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 88. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 89. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 90. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 91. To the extent Defendants use this statement to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 92. Objection based on FRE 802 because alleged statements by counsel are hearsay. Additionally, to the extent Defendants use these alleged statements by counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 93. Objection based on FRE 802 because alleged statements by counsel are hearsay. Additionally, to the extent Defendants use these alleged statements by counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty.

Defendants' Undisputed Fact No. 94. Objection based on FRE 802 because alleged statements by counsel are hearsay. Objection based on vagueness, because a corporation cannot attend a conference and the individuals involved are not identified. Additionally, to the extent Defendants' use these alleged statements by counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on business or legal advice provided to a nonparty. Additional objection based on relevance, because these presentations allegedly made to nonparties are neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 95. To the extent Defendants use these alleged statements by counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice. The statement is also vague because a corporation cannot rely on legal advice, and the individuals who did so are not identified.

Defendants' Undisputed Fact No. 96. Objection based on FRE 802 because alleged opinions by counsel are hearsay. Additionally, to the extent Defendants use these alleged opinions of counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to nonparties is neither relevant nor admissible under FRE 401 and 402. The statement is also vague because a corporation cannot rely on legal advice, and the individuals who did so are not identified.

Defendants' Undisputed Fact No. 97. Objection based on FRE 802 because alleged opinions by counsel are hearsay. Additionally, to the extent Defendants use these alleged opinions of counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 98. Objection based on relevance and impermissible legal conclusion –Webb's state of mind, including his "review, research, and documentation of the [CRST] commercial code" and alleged personal verification from tribal council regarding the criminality of making loans that violate the usury limit do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b). Further, Webb's legal conclusion is impermissible lay testimony. Fed. R. Evid. 701, 702. Additionally, any statement by Webb's counsel about tribal law is inadmissible hearsay under FRE 802.

Defendants' Undisputed Fact No. 99. This statement does not appear in the choice-of-law provision, which was termed in the Subject Loan agreements as the

"governing law" provision. Defendants' statement fails FRE 1002 which, if followed, would have demonstrated the falsity of Defendants' assertion.

Defendants' Undisputed Fact No. 100. To the extent Defendants use these alleged opinions of counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 101. Objection based on vagueness, relevance. It is unclear how CashCall, a corporation, can "take comfort" from advice of counsel for a separate and unrelated entity. CashCall's comfort or lack thereof from another company's attorney does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty.

Defendants' Undisputed Fact No. 102. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 103. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 104. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be

excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 105. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to a nonparty is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 106. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly available to nonparties is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 109. Objection based on FRE 701 which limits lay-witness testimony to facts, and excludes testimony of this nature which contains impermissible legal conclusions: that Reddam's reliance was "reasonable" and that Reddam can rely on advice of counsel provided to a corporation regarding the enforceability of Western Sky loan agreements. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 110. Objection based on FRE 802 because alleged statements by counsel are hearsay. Additionally, to the extent Defendants use these alleged statements of counsel to support an advice-of-counsel defense, they should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice.

Defendants' Undisputed Fact No. 111. To the extent Defendants use this alleged advice of counsel to support an advice-of-counsel defense, it should be excluded under Federal Rule of Civil Procedure 56(c) and (d) because Defendants have prevented discovery into counsel's representation and advice, and also because Defendants cannot claim good faith reliance on advice provided to a nonparty. Additional objection based on relevance, because this advice allegedly provided to nonparties is neither relevant nor admissible under FRE 401 and 402.

Defendants' Undisputed Fact No. 114. Objection based on vagueness as to what constitutes "a significant loss." Objections based on relevance – Western Sky's closing and its effect on the community, do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Defendants' Undisputed Fact No. 126. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is

proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 127. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application, and a determination of the reasons consumers sought loans and their satisfaction rates, do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).).

Defendants' Undisputed Fact No. 128. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application, and a determination of the reasons consumers sought loans and their satisfaction rates, do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 129. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application, and a determination of the reasons consumers sought loans, do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 130. Objection based on Federal Rule of Evidence 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application, and a determination of the reasons consumers sought loans, do not bear

on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 131. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of an unscientific sample of responses to an optional question on the Western Sky loan application, and a determination of the reasons consumers sought loans, do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 132. Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 133. Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles

set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is not reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 134. Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 135. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of a mean credit score does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 136. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's calculations of average credit scores does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 137. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's view of the Western Sky customer base does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 138. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's recitation of CashCall's contention of average customer-income does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell*

*Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 139. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion as to average income was reached using accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's statements about installment and payday loans does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 140. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. The data is also hearsay. Additional objection based on relevance – the witness's recitation and the underlying opinion about average incomes do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is

proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 141. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion, relating to delinquency rates of installment loans generally, was reached using accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's opinion of delinquency rates does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 142. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion, which relates to Western Sky approval rates, should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's recitation of alleged approval rates does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 143. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion, relating to lender "tools" to increase loan prefromance, was formed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's opinion on traditional lenders' options to increase loan performance does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 144. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion, relating to CashCall's charge-off rates, should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's recitation of Western Sky's charge-off rate does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 145. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers

his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion was formed according to accepted scientific principles and methods as required under FRE 702. The witness is in no position to have determined whose guidelines were utilized and whether they were CashCall's guidelines. Additional objection based on relevance – the witness's relating to necessary qualifications for a loan does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 146. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion, relating to considerations made by other borrowers generally, should be excluded because the witness fails to demonstrate that the opinion was formed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's opinion relating to factors considered by potential consumers does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 147. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails

to demonstrate that the opinion, general borrowers' considerations, was formed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's opinion on responsiveness to interest rate changes and monthly payments does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 148. Objection based on relevance – the witness's opinion on consumer classification does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is not relevant and will not assist the trier of fact.

Defendants' Undisputed Fact No. 149. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion, relating to Western Sky's "customer base," was formed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness's opinion of some customers' subjective understanding does not bear on any fact that is of consequence in determining this action, particularly because the law of this case is that objective factors control. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell*

*Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 150. Objection based on vagueness. It is unclear what Defendants mean by "loans that have been deemed to be 'predatory' or 'abusive' to consumers, such as payday loans." Specifically, it is not clear who has deemed loans predatory or abusive, nor is it clear how the terms and conditions of the Western Sky loans differ from those that have been so deemed.

Objection based on relevance – how Western Sky's terms and conditions have been "deemed" – and whether or not they are like or different than other payday loans – does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Objection based on improper legal conclusion – Defendants rely on fact witnesses to support a legal conclusion that is the exclusive province of the court. Fed. R. Evid. 701.

Defendants' Undisputed Fact No. 151. Objection based on relevance – the elements of "products such as payday loans" do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Objection based on FRE 602 because the witnesses lack personal knowledge of the facts. To the extent any witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the opinion, relating to payday and other loan terms generally, was formed according to accepted scientific principles and methods as required under FRE 702.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 152. Objection based on relevance – the CFPB's comments regarding concerns of consumer harm to payday loan borrowers do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b).

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 153. Objection based on relevance – the CFPB's White Paper regarding some issues bearing on consumer harm to payday loan borrowers does not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 154. Objection based on improper legal conclusion – Defendants rely on fact witness to support a legal conclusion that is the exclusive province of the court. Fed. R. Evid. 701

Additional objection based on relevance – the CFPB's prior statements regarding problems with other loans do not bear on any fact that is of consequence in determining this action. Fed. R. Evid. 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is

proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Undisputed Fact No. 161. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 162. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Defendants' Undisputed Fact No. 163. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained

legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Dated: July 11, 2016

Respectfully submitted,

/s/ Owen Martikan

Owen Martikan (CA Bar #177104)
E-mail: owen.martikan@cfpb.gov
Christina S. Coll (CA Bar #250712)
christina.coll@cfpb.gov
Leanne E. Hartmann (CA Bar #264787)
leanne.hartmann@cfpb.gov
Barry E. Reiferson (NY Bar #4343893)
Admitted *pro hac vice*
barry.reiferson@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (415) 844-9790
Facsimile: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau