OWEN P. MARTIKAN (CA Bar #177104)
owen.martikan@cfpb.gov
CHRISTINA S. COLL (CA Bar #250712)
christina.coll@cfpb.gov
LEANNE E. HARTMANN (CA Bar # 264787)
leanne.hartmann@cfpb.gov
BARRY E. REIFERSON (NY Bar #4343893)
barry.reiferson@cfpb.gov
Admitted *pro hac vice*
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552
Telephone: (415) 844-9790
Facsimile: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>CASHCALL, INC., WS FUNDING, LLC, DELBERT SERVICES CORPORATION, and J. PAUL REDDAM,<br><br>Defendants. | CASE NO.: 2:15-cv-07522-JFW (RAOx)<br><br>**MEMORANDUM OF PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' ADDITIONAL MATERIAL FACTS**<br><br>Date: August 1, 2016<br>Time: 1:30pm<br>Court: Hon. John F. Walter<br>Courtroom 16 |

Plaintiff CFPB hereby submits its evidentiary objections to Defendants' Additional Material Facts included in Defendants' Genuine Disputes of Material Fact in Opposition to Plaintiff's Motion for Partial Summary Judgment [DE 163-3].

Defendants' Additional Material Fact No. 297. This statement regarding the Method software being "assessed" on the Reservation is vague and ambiguous, because it is unclear what it means for software to be "assessed" in any given location.

Defendants' Additional Material Fact No. 303. Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Additional objection based on relevance – the witness has not disclosed an opinion on the choice of law clause in the contracts. FRE 401(b), 402.

Additional objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny. His testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Defendants' Additional Material Fact No. 304. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion

under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Beales' statements about the CFPB are neither relevant nor admissible under Federal Rules of Evidence ("FRE") 401 and 402.

Defendants' Additional Material Fact No. 305. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Beales' statement about the 34 states not at issue in this case is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 306. Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant

nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

This statement is incomplete under FRE 106 insofar as Beales' assumptions are replaced with ellipses or omitted. Further, Beales' statement about what is or is not an "unfair" practice is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 307.</u> Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Beales' statements about the complaint and disclosures are neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 308.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in

this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statements about consumers "dealing with" a different lender or loan product and about guessing why the consumer entered an agreement with Western Sky are neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 309.</u> Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

This statement is incomplete under FRE 106 insofar as Beales' assumptions are replaced with ellipses or omitted. Further, Beales' statements about the relative expense of the loans and the effect of the Bureau's actions are neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 310.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about whether installment loans meet a consumer need is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 311.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statements regarding the reasons consumers may seek installment loans and regarding changes in demand for installment loans are neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 312. Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about the effect of APR ceilings is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 313. Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails

to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about the effect to residents of states with low-rate usury ceilings is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 314.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about what consumers might have done is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 315.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant

nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about whether competition in the lending market increased because of Western Sky is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 316.</u> Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003).

Objection based on FRE 602 because the witness lacks personal knowledge of the facts. To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statement about CashCall's purported reporting of performing loans to credit bureaus is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 317.</u> Objection based on improper expert testimony. Defendants' Expert Beales is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Beales' testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Beales' statement about a legal analysis is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 318.</u> Objection based on vagueness. This statement is vague as to which loans are like the "ones at issue in this case."

Objection based on improper expert testimony. Defendants' Expert Zywicki is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Zywicki's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702.

Further, Zywicki's statements about what public interest organizations "tout" and whether installment loans are "welfare-improving" are neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 321. This statement regarding the "payday loans" is vague and ambiguous, because it is unclear what definition is used for this term and how it differs from "installment loans." Additionally, the cited testimony does not support the conclusion. The question, from Defendants' counsel was whether the loans purchased by CashCall were "payday lending" or "consumer lending;" the witness defined them as installment loans and agreed with counsel that they were consumer lending. At all events, Plaintiff does not dispute that the Subject Loans were installment loans.

Defendants' Additional Material Fact No. 335. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding the public policy result of applying state law is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 336. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the

principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See*, *e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding need to promote confidence in the American Indian economy is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 337.</u> Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding what tribal companies should or should not have to do is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 338. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding American Indian economic development is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 339. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted

scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding tribal companies engaging in online commerce is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 341.</u> Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding the history of tribal communities is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 342.</u> Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers

his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statements regarding the location and poverty levels of the Reservation are neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 343. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g., Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statements regarding the population statistics of Ziebach County are neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 344. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant

nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statements regarding life expectancies of American Indians are neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 345.</u> Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding a purported need for e-commerce ventures is neither relevant nor admissible under FRE 401 and 402.

<u>Defendants' Additional Material Fact No. 346.</u> Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d

1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statement regarding education levels of CRST members is neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 347. Objection based on improper expert testimony. Defendants' Expert Clarkson is an excludable expert under the principles set forth in *Daubert v. Merrell Dow Pharm.* and its progeny, because (i) Clarkson's testimony is offered only to make legal conclusions about the claims in this matter. *See Nationwide Transport Fin. v. Cass Info. Systems, Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (affirming the district court's exclusion of expert testimony that contained legal conclusions); and (ii) his testimony is neither relevant nor reliable, and is proffered solely to support litigation. *See, e.g.*, *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1056 (9th Cir. 2003). To the extent the witness offers his opinion under FRE 703, the opinion should be excluded because the witness fails to demonstrate that the data was gathered or analyzed according to accepted scientific principles and methods as required under FRE 702. Also, an expert report is inadmissible hearsay under FRE 801 and 802.

Further, Clarkson's statements regarding Reservation-based entities participating in the online financial services industry are neither relevant nor admissible under FRE 401 and 402.

Defendants' Additional Material Fact No. 357. The OCC's definition of table-funding in the context of mortgage-loan funding by national banks under regulations

applicable to national banks is neither relevant nor admissible, under FRE 401 and 402; to the extent this issue is deemed relevant and otherwise admissible, FRE 106 requires also that Defendants introduce other writings or recorded statements that in fairness ought to be considered at the same time, such as other rules and official interpretations, including risk-retention requirements for sold or assigned loans; interpretive judicial decisions such as *CashCall, Inc. v. Morrisey*, No. 12-1274, 2014 WL 2404300, at *6-7, 15 (W. Va. May 30, 2014) (W. Va. May 30, 2014) (affirming holding that CashCall was true lender where it held the risk, among other things.

Defendants' Additional Material Fact No. 358. An unrelated arbitral award is neither relevant nor admissible, under FRE 401 and 402 (*see also, e.g.*, *IBEW Local 2150 v. NextEra Energy Point Beach, LLC*, 762 F.3d 592, 597 (7th Cir. 2014) ("It is black letter law that arbitration awards are not entitled to the precedential effect accorded to judicial decisions. Indeed, an arbitration award is not considered conclusive or binding in subsequent cases involving the same contract language but different incidents or grievances.") (citing *El Dorado Tech. Servs., Inc. v. Union Gen. De Trabajadores de Puerto Rico*, 961 F.2d 317, 321 (1st Cir. 1992)); to the extent this arbitral award is deemed relevant and otherwise admissible, FRE 106 requires also that Defendants introduce other writings or recorded statements that in fairness ought to be considered at the same time, such as judicial decisions on the same issue, including *CashCall, Inc. v. Morrisey*, No. 12-1274, 2014 WL 2404300, at *6-7, 15 (W. Va. May 30, 2014) (W. Va. May 30, 2014) (affirming holding that CashCall was true lender where it held the risk, among other things); and other documents relating to the "true-lender" issue.

The arbitral award also contains and may be based on inadmissible hearsay under FRE 801 and 802. *See, e.g.*, *Gruntal & Co. v. Steinberg*, 854 F. Supp. 324, 337 (D.N.J. 1994) ("Arbitral findings typically lack the supervisory scrutiny of authoritative review, giving rise to the argument that arbitration risks determinations

based on irrelevant or hearsay evidence, or the personal whims of arbitral panel members.") (quotation marks and citation omitted).

Defendants' Additional Material Fact No. 359. An unrelated arbitral award is neither relevant nor admissible, under FRE 401 and 402 (*see also, e.g.*, *IBEW Local 2150 v. NextEra Energy Point Beach, LLC*, 762 F.3d 592, 597 (7th Cir. 2014) ("It is black letter law that arbitration awards are not entitled to the precedential effect accorded to judicial decisions. Indeed, an arbitration award is not considered conclusive or binding in subsequent cases involving the same contract language but different incidents or grievances.") (citing *El Dorado Tech. Servs., Inc. v. Union Gen. De Trabajadores de Puerto Rico*, 961 F.2d 317, 321 (1st Cir. 1992)); to the extent this arbitral award is deemed relevant and otherwise admissible, FRE 106 requires also that Defendants introduce other writings or recorded statements that in fairness ought to be considered at the same time, such as judicial decisions on the same issue, including *CashCall, Inc. v. Morrisey*, No. 12-1274, 2014 WL 2404300, at *6-7, 15 (W. Va. May 30, 2014) (W. Va. May 30, 2014) (affirming holding that CashCall was true lender where it held the risk, among other things); and other documents relating to the "true-lender" issue.

The arbitral award also contains and may be based on inadmissible hearsay under FRE 801 and 802. *See, e.g.*, *Gruntal & Co. v. Steinberg*, 854 F. Supp. 324, 337 (D.N.J. 1994) ("Arbitral findings typically lack the supervisory scrutiny of authoritative review, giving rise to the argument that arbitration risks determinations based on irrelevant or hearsay evidence, or the personal whims of arbitral panel members.") (quotation marks and citation omitted).

Dated: July 18, 2016

Respectfully submitted,

/s/ Owen Martikan

Owen Martikan (CA Bar #177104)
E-mail: owen.martikan@cfpb.gov

Christina S. Coll (CA Bar #250712)
christina.coll@cfpb.gov
Leanne E. Hartmann (CA Bar #264787)
leanne.hartmann@cfpb.gov
Barry E. Reiferson (NY Bar #4343893)
Admitted *pro hac vice*
barry.reiferson@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (415) 844-9790
Facsimile: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau