Reuben Camper Cahn, State Bar No. 255158
rcahn@bklwlaw.com
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

*Attorneys for Defendants*
CashCall, Inc. and J. Paul Reddam

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>        Plaintiff,<br><br>v.<br><br>CASHCALL, INC.; WS FUNDING, LLC; DELBERT SERVICES CORPORATION; and J. PAUL REDDAM,<br><br>        Defendants. | Case No. 2:15-cv-07522-JFW (RAOx)<br><br>**NOTICE OF BANKRUPTCY FILING BY DEFENDANT CASHCALL, INC. AND STAY OF PROCEEDINGS**<br><br>Assigned to Hon. John F. Walter |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on July 20, 2026, CashCall, Inc. (the "Debtor") commenced a bankruptcy case in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, §§ 101-1532, et seq. (the "Bankruptcy Code"), case number 26-03102-11. A true and correct copy of the Notice of the Bankruptcy Case Filing issued by the Bankruptcy Court is attached hereto as **Exhibit A.**

PLEASE TAKE FURTHER NOTICE that pursuant to 11 U.S.C. § 362(a), the commencement of the Chapter 11 case operates as an automatic stay of, among other things, the continuation of judicial proceedings against the Debtor and acts to collect, assess, or recover prepetition claims against the Debtor. Accordingly, the above-captioned action is automatically stayed as to CashCall, Inc., unless and until the Bankruptcy Court or this Court orders otherwise.

PLEASE TAKE FURTHER NOTICE that the stay created by Section 362 is automatic, applies to any and all actions in any court and takes effect immediately, without need of a court order, notice or any other action. This notice is being filed promptly after commencement of the Chapter 11 case to notify the Court and all parties of the bankruptcy filing and the resulting automatic stay as to the Debtor.

Dated: July 24, 2026

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: _____
Reuben Camper Cahn

*Attorneys for Defendants CashCall, Inc. and J. Paul Reddam*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of the foregoing pleading to the CM/ECF registrants who have entered their appearance as counsel of record.

Reuben Camper Cahn

---

# EXHIBIT A

| Information to identify the case: | | |
|---|---|---|
| Debtor | **CashCall, Inc.** <br> Name | EIN: 33–0890858 |
| United States Bankruptcy Court  Southern District of California | | Date case filed for chapter:  11  7/20/26 |
| Case number:  26–03102–JBM11 | | |

Official Form 309F1

# Notice of Chapter 11 Bankruptcy Case

12/15/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

**The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.**

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| **1. Debtor's full name** | CashCall, Inc. | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 5656 La Jolla Boulevard <br> La Jolla, CA 92037 <br> UNITED STATES | |
| 4. **Debtor's attorney** <br> Name and address | Patrick L DuBois <br> Manatt, Phelps & Phillips <br> 12730 High Bluff Dr. <br> Suite 300 <br> San Diego, CA 92130 | Contact phone 920–205–0432 <br> Email pdubois@manatt.com |
| **5. Bankruptcy clerk's office** <br> Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.casb.uscourts.gov. | Jacob Weinberger U.S. Courthouse <br> 325 West F Street <br> San Diego, CA 92101–6991 | Hours open <br><br> 8:30am – 4:30pm <br><br> Contact phone 619–557–5620 <br><br> Date: 7/21/26 |
| 6. **Meeting of creditors** <br> The debtor's representative must attend the meeting to be questioned under oath. <br> Creditors may attend, but are not required to do so. | **August 28, 2026 at 10:00 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: <br><br> **To access the telephonic 341 meeting, dial / call 888–330–1716 and enter, passcode 1657991# when prompted** |

Official Form 309F1 (For Corporations or Partnerships) **Notice of Chapter 11 Bankruptcy Case** page 1 For more information, see page 2

Debtor  **CashCall, Inc.**                                   Case number **26–03102–JBM11**

| 7. **Proof of claim deadline** | **Deadline for filing proof of claim: 9/28/26** For a governmental unit: **1/19/27** |
|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.casb.uscourts.gov/html/csdforms/410.pdf or any bankruptcy clerk's office. |
| | Your claim will be allowed in the amount scheduled unless: |
| | • your claim is designated as *disputed*, *contingent*, or *unliquidated;* <br> • you file a proof of claim in a different amount; or <br> • you receive another notice. |
| | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov. |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| 8. **Exception to discharge deadline** | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judiciary proceeding by filing a complaint by the deadline stated below. <br><br> **Deadline for filing the complaint:  10/27/26** |
| 9. **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
| 12. **Dismissal of Case** | Notice is given that this case will be dismissed if the debtor(s) fails to pay filing fees pursuant to Federal Rules of Bankruptcy Procedure 1006(b). Also, notice is given that the case may be dismissed if the petition was filed by an unrepresented debtor without including a legible photocopy of the filer's government issued photo identification (such as driver's license or passport). This dismissal may occur without further notice. Furthermore, notice is given that if the Debtor fails to file schedules and statements required by the Rules of Bankruptcy Procedure 1007, or if the Debtor or Joint Debtor fails to appear at the scheduled §341(a) meeting, or a "small business debtor" fails to timely comply with 11 U.S.C. §1116(1),(2) and (3) that the Court, Trustee or U.S. Trustee will move for dismissal of case without further notice to the Debtor or Creditors. A party in interest may object to the motion for dismissal at the §341(a) meeting, at which time a hearing on the objection will be scheduled. |