Reuben Camper Cahn, State Bar No.255158
**BIENERT KATZMAN**
**LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701
Email: rcahn@bklwlaw.com

*Attorneys for Defendants*
CashCall, Inc. and J. Paul Reddam

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>CASHCALL, INC.; WS FUNDING, LLC; DELBERT SERVICES CORPORATION; and J. PAUL REDDAM,<br><br>Defendants. | Case No. 2:15-cv-07522-JFW (RAOx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR POST-JUDGMENT DISCOVERY IN AID OF RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**<br><br>Assigned to the Honorable Rozella A. Oliver for discovery matters<br><br><u>Hearing Information</u><br>Date: September 16, 2026<br>Time: 10:00 a.m.<br>Courtroom: 509 |

## TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................... 1

II. PROCEDURAL UPDATE: THE AUGUST 31 ORDER (Dkt. 432) ....................... 2

III. ARGUMENT ........................................................................................... 2

A. The Court has ample authority to permit post-judgment discovery in aid of Rule 60(b). ..................................................................... 2

B. Plaintiff improperly asks this Court to decide the merits of the Rule 60(b) Motion. ..................................................................... 3

C. Plaintiff's "purely monetary" premise is disputed; prospective features make discovery relevant. ..................................................... 4

D. *Heckler* does not render the Bureau's conduct categorically irrelevant to the Rule 60(b) inquiry. ................................................ 6

E. The Bureau's own conduct in *Townstone* confirms the propriety and relevance of the requested discovery. ........................................ 6

F. Blanket privilege assertions cannot justify pre-production denial of all discovery. ......................................................................... 7

G. The OMB procedural objection is curable by Rule 45 subpoena. ........................ 8

H. Plaintiff's burden argument is entirely unsupported. ...................................... 9

IV. ALTERNATIVE RELIEF: PHASED, NARROWED DISCOVERY .................... 10

V. CONCLUSION ....................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bureau of Consumer Fin. Prot. v. Townstone Fin., Inc.*, Case No. 1:20-cv-04176 (N.D. Ill.) .......... 7

*CFPB v. Townstone Financial, Inc.*, 350 F.R.D. 32 (N.D. Ill. 2025) .......... 7

*DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001) .......... 8

*FTC v. Hewitt*, 68 F.4th 461 (9th Cir. 2023) .......... 5

*Heckler v. Chaney*, 470 U.S. 821 (1985) .......... 1, 6

*Horne v. Flores*, 557 U.S. 433 (2009) .......... 1, 3, 4, 5

*Jeff D. v. Kempthorne*, 365 F.3d 844 (9th Cir. 2004) .......... 5

*Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019) .......... 7, 8

*Rutherford v. Baca*, 2009 WL 10653011 (C.D. Cal. Aug. 4, 2009) .......... 1, 3

*SEC v. Biopure Corp.*, 2006 WL 2789002 (D.D.C. Jan. 20, 2006) .......... 9

*Twelve John Does v. D.C.*, 841 F.2d 1133 (D.C. Cir. 1988) .......... 5

**Statutes and Rules**

12 C.F.R. Part 1075 .......... 5

Fed. R. Civ. P. 26(b)(1) .......... 3, 9

# I. INTRODUCTION

Plaintiff's Opposition (Dkt. 424) asks this Court to do two things it should not do: decide the merits of Defendants' pending Rule 60(b) Motion and deny all discovery based on a categorical no-authority argument that the Opposition's own citations refute. Neither request is appropriate on a discovery motion referred to the Magistrate Judge.

The Opposition concedes that the cases Defendants cited — *Horne v. Flores*, 557 U.S. 433 (2009), and *Rutherford v. Baca*, 2009 WL 10653011 (C.D. Cal. Aug. 4, 2009) — recognize post-judgment discovery in aid of Rule 60(b) motions. Opp. at 6. Plaintiff attempts to distinguish those cases on their facts, but factual distinctions do not erase the legal principle they establish: courts possess authority to permit discovery that will develop the factual predicate for Rule 60(b) relief. *Horne*, 557 U.S. at 461; *Rutherford*, 2009 WL 10653011, at *2. Rules 26 and 34 of the Federal Rules of Civil Procedure, reinforced by the Court's inherent case-management authority, supply ample procedural mechanisms.

Plaintiff's remaining arguments fare no better. The Opposition asks the Magistrate Judge to adjudicate whether the Rule 60(b) Motion "fails as a matter of law" (Opp. at 7) — a merits question pending before Judge Walter. It invokes *Heckler v. Chaney*, 470 U.S. 821 (1985), to argue that the Bureau's differential treatment is categorically irrelevant, but *Heckler* addresses the reviewability of non-enforcement decisions under the APA, not the equitable considerations governing Rule 60(b)(5) and (6). And the Opposition's blanket privilege objection rests on speculation that documents are "likely" protected, without a single document-specific assertion or privilege log.

Since the filing of the Motion, Judge Walter issued an Order (Dkt. 432) denying Defendants' application to continue the Rule 60(b) hearing for lack of good cause. Defendants address that Order candidly below. The Order did not adjudicate the discovery motion (Dkt. 422), which remains pending before this Court; did not rule on any specific discovery request; and did not foreclose narrower or phased relief. If the Court has concerns about the scope of the original requests, Defendants offer a concrete, phased alternative that addresses every objection raised.

## II. PROCEDURAL UPDATE: THE AUGUST 31 ORDER (Dkt. 432)

On August 31, 2026, Judge Walter denied Defendants' application to continue the hearing on the Rule 60(b) Motion (Dkt. 428). The Court found that Defendants had "failed to demonstrate good cause for the requested continuance" and declined "to postpone a properly noticed and fully briefed motion merely to permit speculative discovery that may or may not yield evidence supporting the relief requested." Dkt. 432 at 1.

Defendants acknowledge the Order and do not seek to relitigate the continuance. However, the Order's scope was narrow: it addressed only the timing request — whether to delay the Rule 60(b) hearing — not whether any post-judgment discovery should be permitted. The discovery motion (Dkt. 422) was not before Judge Walter; it is assigned to this Court. The Order did not analyze the specific categories of documents requested, apply Rule 26 proportionality factors, evaluate privilege claims, or conclude that no subset of discovery could be appropriate. Defendants submit that the Order's characterization of the discovery as "speculative" was directed at the good-cause standard for a continuance, not at the independent discovery question now before this Court.

If the Court shares any concern that the original requests are too broad, Defendants offer a narrower, phased alternative set forth in Section IV below. That proposal addresses breadth concerns while preserving Defendants' ability to develop the factual record.

## III. ARGUMENT

### A. The Court has ample authority to permit post-judgment discovery in aid of Rule 60(b).

The Opposition's lead argument — that "there is no legal authority for post-judgment discovery in this context" (Opp. at 4) — is wrong. Plaintiff identifies three categories of authority that Defendants cited, then distinguishes each on its facts without grappling with the legal principle they share.

First, the Opposition argues that Rule 69(a)(2) authorizes discovery only by a judgment creditor, not a judgment debtor. Opp. at 5. Defendants agree that Rule 69(a)(2) by its terms applies to judgment creditors. But Defendants never contended that

Rule 69(a)(2) was their sole or even primary authority. The Motion invoked Rules 26 and 34, which authorize discovery of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1); Rule 60(b) itself, which presupposes fact development; and the Court's inherent authority to manage post-judgment proceedings. Mot. at 4–5. Plaintiff's attempt to confine the inquiry to Rule 69(a)(2) ignores the multiple, independent bases the Motion actually invoked.

Second, the Opposition distinguishes *Horne* as an institutional-reform case involving prospective relief. Opp. at 6–7. But the Supreme Court's observation that a "proper analysis" under Rule 60(b)(5) "should include further factual findings" about changed circumstances, 557 U.S. at 461, states a general principle of Rule 60(b) practice, not one limited to prison or school cases. The Opposition's claim that there are "no similar findings in this case" (Opp. at 7) simply highlights why the discovery is needed: Defendants seek the records that will generate the findings *Horne* contemplates.

Third, the Opposition tries to limit *Rutherford* to cases about "enforcing" a judgment. Opp. at 6. *Rutherford* held that parties who "provided sufficient information to raise 'significant questions' regarding the orders in this case" could obtain post-judgment discovery. 2009 WL 10653011, at *2. The case recognized a court's discretion to reopen discovery when a colorable basis for post-judgment relief is shown, regardless of whether the motion is styled as enforcement or vacatur. The Opposition identifies no authority holding that a court lacks power to order post-judgment discovery in aid of a Rule 60(b) motion.

**B. Plaintiff improperly asks this Court to decide the merits of the Rule 60(b) Motion.**

The heart of the Opposition is not about discovery at all; it is a preview of Plaintiff's merits argument on the Rule 60(b) Motion. The Opposition devotes pages to arguing that the motion "fails as a matter of law" (Opp. at 7) and that no discovery could change the outcome. *Id*. at 8–11. But the Rule 60(b) Motion is pending before Judge Walter, not this

Court. A party cannot defeat discovery by asking the discovery judge to assume the very conclusion the underlying motion contests.

Moreover, Plaintiff's argument is circular. It argues the Rule 60(b) Motion lacks factual support, then argues that the discovery designed to develop that factual support should be denied because the motion lacks factual support. As Defendants observed in their opposition to the *ex parte* application: "The Bureau cannot have it both ways: it cannot simultaneously argue that CashCall's Rule 60(b) motion is meritless because it lacks factual support while also arguing that CashCall should be denied the discovery necessary to develop that factual support." Dkt. 427 at 6.

The discovery here is not based on speculation. The Rule 60(b) Motion is supported by declarations, correspondence, and public records establishing: (1) the Bureau's formal policy reversal (the Paoletta Memorandum, Dkt. 416-2); (2) the Bureau's Chief Legal Officer's statement that he "never would have brought this case" (Dkt. 416-3); (3) the Bureau's provisional acceptance of a settlement framework and abrupt abandonment of negotiations on May 1, 2026 (*id.*); and (4) the Bureau's voluntary dismissal or vacatur of enforcement actions against materially comparable defendants. Mot. at 2–4. The discovery requests target records that will test, corroborate, and expand upon these already-supported factual predicates — precisely what *Horne* contemplates. 557 U.S. at 461.

### C. Plaintiff's "purely monetary" premise is disputed; prospective features make discovery relevant.

The Opposition contends that the Amended Judgment "only requires payment of money" (Opp. at 8) and relies on *FTC v. Hewitt*, 68 F.4th 461 (9th Cir. 2023). That premise is wrong. The $134 million restitution award is not a simple judgment payable from general accounts; it requires administration through the Bureau's Civil Penalty Fund and Bureau-administered redress program, governed by 12 C.F.R. Part 1075. The Bureau's own Opposition confirms this at footnotes 4–5, acknowledging that the Bureau is "well accustomed to administering redress" through "standard and established processes" and citing its own regulatory framework for distributing funds. The Bureau's admission that it

currently administers 27 active redress programs (Opp. at 9 n.4) confirms that CFPB restitution judgments are not simple one-time money payments but ongoing regimes.

Those processes are ongoing, court-supervised, and prospective. The judgment requires administration of a defined consumer class, including claims administration, residual-funds disposition, and ongoing reporting obligations to the Bureau and the Court. The Bureau's own regulatory framework, 12 C.F.R. Part 1075, contemplates that residual unclaimed funds escheat to the United States Treasury — not to affected consumers. That distinguishes this matter from the simple "order to pay money" at issue in *Hewitt*, 68 F.4th at 467, where the equitable monetary judgment "involve[d] no court supervision . . . other than ordering [defendant] to pay the money awarded[.]" *Id*. The presence of ongoing court-supervised distribution machinery places this judgment within the "prospective application" heartland of Rule 60(b)(5). *See Twelve John Does v. D.C.*, 841 F.2d 1133, 1138-39 (D.C. Cir. 1988) (per curiam) (Rule 60(b)(5) prospective-application clause encompasses judgments with ongoing supervisory or administrative components).

Even if Judge Walter were to conclude that the monetary award lacks prospective application under *Hewitt*, the Post-Remand Judgment also imposes the recklessness-based Tier II civil penalty as recalibrated on remand — a forward-looking determination of culpability with continuing collateral consequences in licensing, regulatory disclosure, and corporate-governance contexts. Such reputational and regulatory consequences are squarely prospective.

Whether these features ultimately satisfy Rule 60(b)(5) is for Judge Walter to decide on the merits, not for this Court to resolve on a discovery motion. Plaintiff therefore cannot use its disputed "purely monetary" characterization to foreclose discovery. Records concerning the Bureau's current enforcement and redress decisions bear on changed circumstances and whether continued enforcement remains "no longer equitable." *See Horne*, 557 U.S. at 447–48; Jeff D. v. *Kempthorne*, 365 F.3d 8 853–54 (9th Cir. 2004). The requested discovery will develop the factual record without asking this Court to decide the Rule 60(b)(5) merits.

**D. *Heckler* does not render the Bureau's conduct categorically irrelevant to the Rule 60(b) inquiry.**

*Heckler*, held as a matter of statutory interpretation, that the Administrative Procedure Act makes presumptively unreviewable an agency's decision not to bring an enforcement action. 470 U.S. at 830–32. The Opposition invokes this principle to argue that the Bureau's differential treatment of CashCall is irrelevant to the Rule 60(b) analysis. Opp. at 8–9.

But Defendants do not ask the Court to review a non-enforcement decision under the APA. They ask the Court to consider, as part of the equitable inquiry under Rule 60(b)(5) and (6), whether it remains equitable to enforce a $157 million judgment when the agency that obtained it has: formally repudiated the enforcement theory; told Defendants' counsel it never would have brought the case; agreed to vacate the judgment and then reneged; and voluntarily dismissed or unwound comparable enforcement actions. These facts bear directly on whether continued enforcement is equitable — the core question under Rule 60(b)(5) — and whether extraordinary circumstances justify relief under Rule 60(b)(6). *Heckler*'s APA presumption does not immunize the government's actual conduct from examination in an equitable proceeding.

Indeed, the Opposition concedes as much by attempting to distinguish the Bureau's treatment of CashCall from its treatment of other defendants on the merits. See Opp. at 9 (arguing the case is "easily distinguishable"); Dkt. No. 423 at 14. If the comparison were truly irrelevant as a matter of law, there would be no need to distinguish it.

**E. The Bureau's own conduct in *Townstone* confirms the propriety and relevance of the requested discovery.**

The Opposition argues that Defendants "cannot find any support in pointing to the Bureau's decision to join an unrelated defendant (*Townstone*) in a wholly different Rule 60(b) motion." Opp. at 9. But the relevance of *Townstone* does not depend on whether it is an identical case. It depends on what the Bureau did in *Townstone* — and what it did directly contradicts the Opposition's position here.

In *Townstone*, the Bureau itself reviewed internal agency records and submitted the results in a declaration by Dan Bishop, a Senior Advisor to OMB detailed part-time to the CFPB, to support a joint Rule 60(b)(6) motion for vacatur. *Bureau of Consumer Fin. Prot. v. Townstone Fin., Inc.*, Case No. 1:20-cv-04176 (N.D. Ill.), Dkt. 145-2. The Bishop Declaration disclosed that the Bureau "lacked a sufficient factual predicate," that "agency lawyers misled their superiors," and that the investigation "commenced and continued without a substantial predicate of actionable facts." *Id.* ¶ 4. The Bureau and Townstone jointly argued that "the judgment is inequitable and undermines confidence in the judicial process." Dkt. 145-1 at 2.

The Opposition notes that the *Townstone* court ultimately denied the motion for vacatur. Opp. at 10. That is true but beside the point. The dispositive fact for this motion is that the Bureau acknowledged that internal agency records are relevant and material to Rule 60(b) motions alleging government misconduct or changed circumstances, and that the Bureau itself reviewed and disclosed such records. *CFPB v. Townstone Financial, Inc.*, 350 F.R.D. 32, 38–39 (N.D. Ill. 2025). The Bureau cannot credibly argue in this case that the very same type of records it voluntarily produced and relied upon in jointly moving to vacated the judgment in *Townstone* are categorically irrelevant and undiscoverable.

**F. Blanket privilege assertions cannot justify pre-production denial of all discovery.**

The Opposition argues that "every single document CashCall seeks is likely protected by one or more privilege or protection." Opp. at 13. This assertion is remarkable for what it lacks: a privilege log, a document-by-document assertion, or even a declaration estimating the number of responsive documents, the proportion that are privileged, and the basis for each claim. The word "likely" does all the work.

The Ninth Circuit has made clear that when "discovery requests are narrowly tailored to seek evidence that is directly relevant to central issues in the litigation and is not available with due diligence elsewhere," the moving party has met its preliminary burden. *Karnoski v. Trump*, 926 F.3d 1180, 1205 (9th Cir. 2019). "Only then would the court be 'forced into

the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives.'" *Id*. at 1204 (quoting *Cheney*, 542 U.S. 367, 389–90 (2004)). That is, privilege assertions are properly evaluated after production is ordered, on a document-by-document basis, with a privilege log and, where necessary, in-camera review — not as a basis for denying all discovery in the first instance.

Furthermore, many of the documents Defendants seek — final or post-decisional memoranda stating the Bureau's reasons for its enforcement decisions, communications reflecting the Bureau's settlement position, and records comparing treatment of CashCall to other defendants — are not protected by the deliberative process privilege, which covers only pre-decisional materials. *See DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (describing the scope of the deliberative process privilege). And the attorney-client privilege and work-product doctrine, while they may apply to some documents, do not justify wholesale denial of discovery when the privilege can be asserted on a document-specific basis through ordinary objections and a log.

Defendants have never asked this Court to compel production of privileged documents. The proposed order requests that any privilege claim be asserted document-by-document with a log of sufficient specificity. Mot. at 10. The proper course is to order production, allow the Bureau to assert specific privilege claims, and resolve disputes through the ordinary meet-and-confer process with in-camera review if necessary.

**G. The OMB procedural objection is curable by Rule 45 subpoena.**

The Opposition argues that Defendants' discovery request to OMB is "procedurally improper" because OMB is not a party and cannot be reached through Rule 34. Opp. at 12–13. Defendants acknowledge the procedural point. Accordingly, Defendants request leave of Court to serve a Rule 45 subpoena on OMB for the records identified in Exhibit B to the Cahn Declaration (Dkt. 422-3). A Rule 45 subpoena is the standard mechanism for obtaining documents from a non-party federal agency, and the procedural objection is therefore easily cured.

The Opposition cites *SEC v. Biopure Corp.*, 2006 WL 2789002 (D.D.C. Jan. 20, 2006), for the proposition that one federal agency is not a "party" merely because another is. Opp. at 12. That is correct — but the remedy is a subpoena, not denial. The Opposition also raises separation-of-powers concerns about discovery directed at the Executive Office of the President, citing *Cheney*, 542 U.S. at 389–90. Opp. at 13. As discussed above, those concerns are properly addressed through privilege assertions on specific documents, not blanket preclusion. And as set forth in Section IV below, Defendants propose to defer OMB discovery entirely unless the initial CFPB production demonstrates a concrete need for it.

### H. Plaintiff's burden argument is entirely unsupported.

The Opposition argues that "the burden and expense of responding to the overbroad document requests far outweighs the likely benefit to CashCall." Opp. at 18. But the Opposition offers no factual support for this assertion — no declaration, no hit estimates, no custodian counts, no cost analysis. It asserts that the discovery is "brazenly overbroad" (Opp. at 20) without quantifying the burden in any way.

Rule 26(b)(1) requires that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, the Rule 60(b) Motion seeks vacatur of a $157 million judgment. The Bureau is a federal agency with electronic recordkeeping systems. The discovery requests target identified custodians, named parties, and specific enforcement actions during a defined time period (January 20, 2025, to the present). Mot. at 7–8. The Bureau has offered no evidence that responding would be unduly burdensome.

The Opposition's burden argument also rests on the assumption that privilege review will be onerous. Opp. at 20. But that assumption cannot defeat discovery before it begins. The answer to a potentially burdensome privilege review is a well-managed discovery process with appropriate phasing — not a blanket denial.

## IV. ALTERNATIVE RELIEF: PHASED, NARROWED DISCOVERY

In the event the Court is not inclined to authorize all of the discovery Defendants originally requested, Defendants respectfully propose the following phased alternative:

**Phase 1 (CFPB Records, Narrowed Scope)**. The Bureau shall produce, within thirty (30) days of the Court's order:

(a) Nonprivileged CFPB records specifically concerning the CashCall and Townstone enforcement matters, including final or post-decisional memoranda, statements of reasons for the Bureau's enforcement decisions, and communications documenting the CashCall settlement and the decision not to proceed with vacatur;

(b) Communications between CFPB personnel reflecting the Bureau's reasons for distinguishing CashCall from the defendants in matters the Bureau voluntarily dismissed or unwound (including SoLo Funds, Navy Federal Credit Union, Capital One, Walmart, Zelle, Rocket Homes, Heights Financial, Townstone Financial, Reliant Holdings, and Enova International); and

(c) The Bureau may assert objections, including privilege, on a document-by-document basis and shall produce a privilege log describing each withheld document with sufficient specificity to permit Defendants to assess the privilege claim.

**Phase 1 Exclusion.** Categories 3 and 4 of the original CFPB requests (concerning the Senior Bureau Official's prior representations and keyword-based EOP communications) are deferred.

**Phase 2 (OMB/EOP Discovery, Contingent).** Defendants will not pursue broader EOP or OMB discovery in the first instance. If the Phase 1 CFPB production demonstrates a concrete need for OMB records — for example, if CFPB documents reference OMB directives or communications material to the Bureau's differential treatment of CashCall — Defendants shall have leave to serve a Rule 45 subpoena on OMB, narrowly tailored to the

need demonstrated by the Phase 1 production. In that event, any privilege disputes shall be resolved through in-camera review or a special master, as the Court deems appropriate.

This phased approach directly addresses every objection the Opposition raises: it narrows scope, defers the most sensitive requests, cures the OMB procedural defect, permits ordinary privilege objections, and reduces burden — all while preserving Defendants' ability to develop the factual record for the Rule 60(b) Motion.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court:

1. Grant Defendants' Motion for Post-Judgment Discovery in Aid of Rule 60(b) Motion for Relief from Judgment;
2. Direct the Consumer Financial Protection Bureau to produce all records responsive to the discovery requests set forth in the CFPB discovery requests attached as Exhibit A to the Cahn Declaration, within thirty (30) days of the Court's order, subject to privilege objections and a privilege log;
3. Grant leave for Defendants to serve a Rule 45 subpoena on the Office of Management and Budget for the records identified in Exhibit B to the Cahn Declaration;
4. In the alternative, authorize the phased discovery set forth in Section IV above; and
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 2, 2026

**BIENERT KATZMAN LITTRELL WILLIAMS LLP**

By: ______________________
Reuben Camper Cahn
*Attorneys for Defendants CashCall, Inc. and J. Paul Reddam*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of the foregoing pleading to the CM/ECF registrants who have entered their appearance as counsel of record.

Reuben Camper Cahn