# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** **California**

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: 2:15-cv-07522-JFW-RAO

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 12/16/2013

Date of judgment or order you are appealing: 09/11/2026

Docket entry number of judgment or order you are appealing: 436

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

(●) Yes ( ) No ( ) IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Appellant J. Paul Reddam

Is this a cross-appeal? ( ) Yes (●) No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? (●) Yes ( ) No

If yes, what is the prior appeal case number? 18-55407; 18-55479; 23-55259

Your mailing address (if pro se):

City: State: Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** **Date**

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

J. Paul Reddam

Name(s) of counsel (if any):

Reuben Camper Cahn

Address: 903 Calle Amanecer, Suite 350, San Clemente, CA 92673

Telephone number(s): (949) 369-3700

Email(s): rcahn@bklwlaw.com

Is counsel registered for Electronic Filing in the 9th Circuit? (●) Yes ( ) No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Consumer Financial Protection Bureau

Name(s) of counsel (if any):

Joseph Frisone

Address: 1700 G Street, NW Washington, DC 20552

Telephone number(s): (202) 435-9287

Email(s): Joseph.Frisone@cfpb.gov

*To list additional parties and/or counsel, use next page.*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit? ○ Yes ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 15-7522-JFW (RAOx)** Date: September 11, 2026

Title: Consumer Financial Protection Bureau -*v*- CashCall, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM THE POST-REMAND JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(5) AND, IN THE ALTERNATIVE, RULE 60(b)(6) [filed 7/8/2026; Docket No. 416]**

On July 8, 2026, Defendants CashCall, Inc. and J. Paul Reddam (collectively, "CashCall" or "Defendants") filed a Motion for Relief from the Post-Remand Judgment Pursuant to Fed. R. Civ. P. 60(b)(5) and, in the Alternative, Rule 60(b)(6) ("Motion"). On August 19, 2026, Plaintiff Consumer Financial Protection Bureau ("Plaintiff" or "CFPB") filed its Opposition. On August 31, 2026, CashCall filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 14, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

CashCall moves for relief under Federal Rule of Civil Procedure 60(b)(5) and, in the alternative, Rule 60(b)(6) based on the following "four interlocking developments": (1) CashCall's satisfaction of the original $10,283,886 judgment entered by this Court, *see CFPB v. CashCall, Inc.*, 2018 WL 485963 (C.D. Cal. Jan. 19, 2018); (2) the CFPB's change in position on appeal, asserting that the restitution it sought was legal, rather than equitable; (3) a series of recent Supreme Court decisions, namely, *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024); *SEC v. Jarkesy*, 603 U.S. 109 (2024); *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, 601 U.S. 416 (2024); and *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020); and (4) CFPB's substantive engagement over nearly a year of negotiations, including acceptance and then abandonment of a settlement framework. It contends that the significance of these developments is compounded by the issuance of a memorandum on April 16, 2025 by the CFPB's Chief Legal

Officer Mark R. Paoletta (the “Paoletta Memo”), which allegedly repudiated the enforcement posture that produced this case.

Under Federal Rule of Civil Procedure 60(b)(5), the court may relieve a party from a final judgment on any of three independent grounds: (i) “the judgment has been satisfied, released or discharged;” (ii) “it is based on an earlier judgment that has been reversed or vacated;” or (iii) “applying it prospectively is no longer equitable.” Fed. R. Civ. P. 60(b)(5). The “no longer equitable” clause permits courts to modify or vacate a judgment or order “if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest.” *Horne v. Flores*, 557 U.S. 433, 447 (2009) (cleaned up).

Under Federal Rule of Civil Procedure 60(b)(6), the court may relieve a party from a final judgment for “any other reason that justifies relief.” Fed. R. Civ. P. 60(b)(6). This “catch-all provision” is “available only in ‘extraordinary circumstances.’” *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 468 (9th Cir. 2023) (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)). “‘This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.’” *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors, including, for example, “the risk of injustice to the parties” and “the risk of undermining the public’s confidence in the judicial process.” *Buck*, 580 U.S. at 123 (quoting *Liljeberg v. Health Services Acquisition Corp*., 486 U.S. 847, 864 (1988)). The Ninth Circuit applies the multifactor test of *Phelps v. Alameida*, 569 F.3d 1120, 1135-40 (9th Cir. 2009), to evaluate motions predicated on intervening developments. The relevant considerations include: (1) the nature of the change in the law; (2) the diligence of the movant; (3) the parties’ reliance on the finality of the judgment; (4) the delay between finality and the motion; (5) the closeness of the relationship between the prior decision and the intervening decision; and (6) any comity concerns. 569 F.3d 1120; *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) (applying *Phelps* outside the habeas context). The *Phelps* factors are “not intended to be a rigid or exhaustive list; a court's ultimate charge in evaluating a Rule 60(b)(6) motion remains to ‘intensively balance’ all the relevant factors, ‘including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.’” *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d at 446 (quoting *Phelps*, 569 F.3d at 1133, 1135).

For the reasons stated in the CFPB’s Opposition, the Court concludes that CashCall has failed to demonstrate that it is entitled to relief under either Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6). Specifically, the Court concludes relief is inappropriate under Federal Rule of Civil Procedure 60(b)(5) because: (1) the February 21, 2023 Amended Judgment has not been satisfied, and CashCall’s payment of the $10 million penalty in satisfaction of the original Judgment is irrelevant; (2) the Amended Judgment, which only requires CashCall to pay money and which does not require court supervision, is not prospective, *see FTC v. Hewitt*, 68 F.4th 461, 466-67 (9th Cir. 2023) (holding that an unpaid monetary judgment does not qualify as “prospective” under Fed. R. Civ. 60(b)(5)); (3) the alleged “intervening change” in law occurred during the course of litigation, and CashCall already raised or could have raised the four Supreme Court decisions in this litigation; (4) the CFPB’s change in enforcement priorities going forward and the exercise of its discretion in unrelated and easily distinguishable other matters do not render the Amended Judgment inequitable; and (5) abandoned settlement negotiations do not provide a

ground for relief under Rule 60(b)(5), and the documents attached to CashCall's Motion refute that any agreement on terms was reached.

The Court also concludes that CashCall has failed to demonstrate any extraordinary circumstances that would justify relief under Federal Rule of Civil Procedure 60(b)(6). In addition to the reasons already discussed, the Court concludes that relief is not appropriate, because, *inter alia*:(1) CashCall already raised or could have raised the changed law during the course of this litigation, and Rule 60(b)(6) does not give CashCall license to relitigate the impact of the four Supreme Court decisions, *see BLOM,* 605 U.S. at 216 ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).)"; (2) the Ninth Circuit already concluded that *Seila Law* did not affect the validity of the CFPB's enforcement action and litigation in this case, *see Consumer Fin. Prot. Bureau v. CashCall, Inc.,* 35 F.4th 734, 743 (9th Cir. 2022); (3) the Ninth Circuit already concluded that, even assuming that CashCall had a right to a jury trial, CashCall knowingly and voluntarily waived that right, *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 135 F.4th 683, 691 (9th Cir. 2025); (4) this Court did not rely on, or even refer to, *Chevron* deference in its 2016 liability decision; (5) the CFPB attempted to enforce the Amended Judgment as soon as it was permitted to do so; and (6) there is no evidence that the CFPB acted in bad faith in connection with its enforcement of the Amended Judgment. Rather than demonstrating extraordinary circumstances, the Court concludes that CashCall's Motion is simply an ill-conceived tactic designed to continue to delay the CFPB's enforcement of the Amended Judgment.

For the foregoing reasons, CashCall's Motion is **DENIED**.

IT IS SO ORDERED.



Initials of Deputy Clerk jloz